Commonwealth ex rel. Heaton, Appellant, *v.* Harvey.

Argued June 17, 1960. Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONTGOMERY, JJ.

*John Woodcock, Jr.,* for appellant.

*Blair L. McKillip, Jr.,* Assistant District Attorney, with him *Frank B. Warfel,* District Attorney, for appellee.

OPINION PER CURIAM, September 20, 1960:
Order affirmed on the opinion of the Court below.

———

DISSENTING OPINION BY MONTGOMERY, J.:
Relator was arrested on teletype information without a warrant on June 24, 1959. He was held in the Altoona City Jail until July 9. On that day an information was made before a local magistrate charging him under the name of Melvin T. Heaton with having escaped from State Prison of North Carolina on June 17, 1959, and thereby becoming a fugitive from justice. The record of the magistrate shows:

"July 9, 1959, warrant issued to Det. Sgt. R. C. Sell.

"July 9, 1959, Defendant brought before Alderman and requested hearing be waived." However, the testimony of Police Officer Sell indicates relator was never taken before the magistrate: (T. 2) "Actually he wasn't taken into the office. We stopped there and the charges

were filed, and the defendant notified us that he wanted to waive the hearing, there was no reason for him to have a hearing here, that he knew he was going back to North Carolina. So other than his own oral statement that he wanted to waive the hearing was the only statement that was made." The testimony of the other Police Officer Zeigler is the same: (T. 6) "Q. When the defendant, Melvin Heaton, was taken to Alderman Consiglio's Office at which time a warrant was procured for him and a hearing offered to him what did he say or do? A. He suggested that he didn't need a hearing and didn't want a hearing, he was in the back seat of the car with me and he talked to me relative to a hearing and he said he did not want a hearing, that he knew that he was going back. Q. Well, then did he indicate to you he waived a hearing? A. Yes, he waived the hearing in front of the office." (T. 7) "A. Yes, we told him he could have a hearing in front of the office. He was handcuffed to me in the back seat."

It appears further that a "Warrant for Detention of Fugitive from Justice" dated June 24, 1959, and signed by W. F. Bailey, Director, North Carolina State Prison Department, for the arrest of a Melvin T. Heaton for an escape on June 17, 1959, was received by the Altoona City Police Department but the date of its receipt by that Department is not disclosed by the record. However, there was no demand made upon the Governor of this Commonwealth by the Governor of North Carolina, nor was there any warrant issued by the Governor of this Commonwealth as provided for in the Uniform Extradition Act of July 8, 1941, P.L. 288 (19 PS §191.1 et seq.) (pocket supp.).

What occurred in this case follows: The police, having the teletype information, made the arrest under §14 of the Extradition Act but failed to comply with the provisions of that section which requires that a

person so arrested "must be taken before a judge or magistrate with all practicable speed, and complaint must be made against him . . . as in the preceding section . . ." Such an arrest has been held to be constitutional. *Commonwealth ex rel. Huey v. Dye,* 373 Pa. 508, 96 A. 2d 129.

The use of the words "with all practicable speed" most reasonably interpreted indicates "quickly" or "without undue delay." The preceding section referred to provides for the issuance of a warrant on the oath of a credible person or on the basis of an affidavit of a credible person in the other state. The warrant in the present case was not issued on either basis but on the oath of the Altoona Policemen Sell and Zeigler without any reference to an affidavit from any credible person in North Carolina. No reason is shown by the record for the delay in having a credible person come from North Carolina and make the information or for not procuring an affidavit from such a person. I would say without hesitation that a delay of two weeks in this case was beyond the period contemplated by the legislature for the confinement of an accused during which the proper information is to be made.

However, the act has been violated in another particular, in my opinion even more important than the one just discussed. In all cases of arrest provided for in the act, it is a requirement that the accused be taken before a judge or magistrate. When the arrest is made on a warrant issued by the Governor, §10 requires, "No person arrested . . . shall be delivered over . . . unless he shall first be taken forthwith before a judge of a court of record in this State who shall inform him of the demand made for his surrender and of the crime with which he is charged and that he has the right to demand and procure legal counsel, and, if the prisoner or his counsel . . . desire to test the legality of his ar-

rest, the judge . . . shall fix a reasonable time to be allowed him . . . to apply for a writ of habeas corpus."

Section 13 aforesaid requires that he be brought by the arresting officer to the judge or magistrate issuing the warrant or any other accessible one to answer the charge of complaint. Section 14, which has been referred to previously, compels this action to be done "with all practicable speed."

The purpose of §§13 and 14 relating to a hearing is the same as that stated in §10. *Commonwealth ex rel. Huey v. Dye*, supra.

Section 15 states, "If from the examination before the judge or magistrate it appears that the person held is the person charged . . . the . . . magistrate must . . . commit him to the county jail for such a time, not exceeding thirty days . . . as will enable the arrest of the accused to be made under a warrant of the Governor . . ."

Under §26 an accused may waive the issuance of the Governor's warrant and other procedures incident to extradition proceedings only "by executing or subscribing in the presence of a judge of any court of record . . . a writing which states that he consents to return to the demanding state: Provided, however, That before such waiver shall be executed . . . it shall be the duty of such judge to inform such person of his rights . . ."

It is, therefore, clear to me that the relator is being held in clear violation of his rights under the statute. He was not taken before a magistrate or judge at any time. He could not waive his rights by expressing himself to a policeman, and he has been held well beyond the period permitted by the act. He is entitled to be discharged from his present arrest and confinement under the proceedings presented here. If, as indicated in the record, there are other charges against him, or

warrants outstanding for his arrest for other law violations, his discharge hereby will not prevent his re-arrest on those charges or as a fugitive by proper process and proceedings. *Commonwealth v. Mitchell,* 153 Pa. Superior Ct. 582, 34 A. 2d 905, aff. 349 Pa. 559, 37 A. 2d 443. I therefore dissent from the majority in affirming the order of the lower court refusing a writ of habeas corpus.