Irwin D. Davidson, J.
The relator, James P. Green, by writ of habeas corpus, petitions for his release. He urges that he is presently imprisoned and restrained in the New York City Prison at 125 White Street, Borough of Manhattan, City and County of New York.
It seems that petitioner is on parole from a 2 to 20-year sentence in the State of California. He came to this State where he was convicted of another crime and, on November 16, 1964, completed a 60-day sentence in the New York City Prison. Since completion of that 60-day sentence he has been held as a parole violator answerable .to the State of California on a commitment issued by the New York State Department of Parole acting as agent for the State of California.
Under our statutes, sections 843, 844 and 846 of the Code of Criminal Procedure, the full limit of .time for his detention (90 days) has long since expired. He has been in continuous custody for over 135 days. He was not arraigned as a parole violator from the State of California until March 30,1965.
The court has before it in evidence an original order signed by the Governor of this State to the Police Commissioner for the arrest of the said James P. Green which is dated the 11th day of March, 1965. This is predicated upon an original order dated February 23,1965 signed by Governor Brown of the State of California, authorizing and demanding the extradition of the said James P. Green. There is also at hand a mandate from the Governor of the State of New York dated the 11th day of March, 1965 honoring the request of the Governor of the State of California for the surrender of James P. Green, and his delivery to the correctional officer of the demanding State, California.
Relator urges that by reason of his detention beyond the 90 days set forth in the statute, supra, the court has lost jurisdiction of his person. There is no authority for this contention. *527 While it is true that any time beyond the 90 days afore-mentioned and prior to the Governor’s mandate, the relator could have demanded his release. Nevertheless, at any time, upon receipt of the mandate, it is the court’s obligation to turn him over to the agents of the demanding State.
The relator is presently before the court. The court has jurisdiction of his person and a mandate from the State of California which is recognized and acceded to by the Governor of the State of New York. While the statutes afore-mentioned limit the time for which he may be held awaiting the instant procedure, the expiration of the time limitation is not a bar to extradition.