104 N.J. Super. 122 (1969)
249 A.2d 1
IN RE HUGO COLASANTI, PETITIONER-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued December 17, 1968.
Decided January 8, 1969.
*123 Before Judges GOLDMANN, KOLOVSKY and CARTON.
Mr. Jeffrey Barton Cahn argued the cause for appellant (Messrs. Schapira, Steiner & Walder, attorneys; Mr. Justin P. Walder, on the brief).
Mr. M. Richard Altman, Assistant Prosecutor, argued the cause for the State of New Jersey (Mr. Joseph P. Lordi, Prosecutor, Essex County).
PER CURIAM.
Petitioner Colasanti appeals from a county court order which rejected his attack on the validity of his arrest under an extradition warrant issued by the Governor of New Jersey and ordered him turned over to representatives of New York state for return to that state.
Except as hereinafter noted, the basic facts are uncontradicted.
On December 28, 1967, the New York County Grand Jury returned an indictment against Colasanti charging that he had on October 17, 1967, in New York City, committed the crimes of criminal possession of stolen property in the first degree, criminal possession of a dangerous drug in the third degree and criminal possession of a dangerous drug in the fourth degree.
*124 Pursuant to the "uniform criminal extradition law," N.J.S. 2A:160-6, et seq., the Governor of New Jersey, in response to a demand for appellant's extradition received from the Governor of New York, issued a warrant for petitioner's arrest. See N.J.S. 2A:160-15. On March 25, 1968 petitioner was arrested under the authority of the Governor's warrant and when taken before the court stated that he desired to test the legality of his arrest. See N.J.S. 2A:160-18.
Although N.J.S. 2A:160-18 contemplates a written application for a writ of habeas corpus, the county court entertained petitioner's oral application therefore and conducted a plenary trial on May 13, 1968. In addition to hearing argument on the sufficiency of the extradition documents, the court heard the testimony of one Andrew Moore for the petitioner and of Detective Jeremiah Howard for the State of New York. Petitioner did not testify.
According to Moore, he was working with petitioner in New Jersey almost all day on October 17, 1967, the date when petitioner allegedly committed the offenses in New York. According to the detective, petitioner was in New York City on that day, at the corner of West and Houston Streets, under surveillance by the witness and other detectives from about 7:55 P.M. to 8:30 P.M., during which time petitioner among other things talked to one Ripa, a police undercover agent. Other New York City police officers who were at the hearing were not called, the prosecutor stating that their testimony would only corroborate what Detective Howard had said.
At the conclusion of the testimony, the court called for briefs and thereafter on May 31, 1968 delivered its oral opinion denying the relief sought by petitioner. It concluded that the testimony of the detective was more credible than that of Moore and found as a fact that petitioner was in New York at the time of the alleged offense and was a fugitive from justice in that state. The findings are fully supported by the record.
*125 Petitioner's initial and principal argument on appeal  that "the warrant of extradition should be quashed because it was issued out of time"  is bottomed on the fact on December 18, 1967, prior to his indictment, and at the request of the New York City police, he had been arrested as a fugitive by Newark police officers. See N.J.S. 2A:160-21, 22 authorizing such arrest. He was promptly brought before a magistrate, and having refused to waive extradition, was released on bail. See N.J.S. 2A:160-24.
Appellant argues that since N.J.S. 2A:160-23 provides that one arrested as a fugitive, as he was, may be committed
"to the county jail for such a time not exceeding 30 days and specified in the warrant, as will enable the arrest of the accused to be made under a warrant of the governor on a requisition of the executive authority of the state having jurisdiction of the offense, unless the accused give bail as provided in section 2A:160-24 of this title, or until he shall be legally discharged,"
therefore the New Jersey Governor's arrest warrant was invalid since it issued more than 30 days after petitioner's original arrest as a fugitive.
The argument lacks substance. People ex rel. Green v. Nenna, 17 N.Y.2d 815, 271 N.Y.S.2d 267, 218 N.E.2d 311 (Ct. of App. 1966), affirming 24 A.D.2d 936, 264 N.Y.S.2d 211 (App. Div. 1965), which had affirmed 53 Misc.2d 525, 279 N.Y.S.2d 324 (Sup. Ct. 1965). N.J.S. 2A:160-23 and 25 upon which petitioner relies in no wise limit the time within which a governor's warrant may issue in extradition proceedings. The sections only limit the time during which one arrested as a fugitive may be kept in jail (or on bail in lieu thereof) pending the completion of extradition proceedings and the issuance of the governor's arrest warrant. If the fugitive is not re-arrested under a governor's arrest warrant before the time so limited, he is entitled to be released from the jail or bail in or on which he has been held as a fugitive.
Petitioner's other contentions on appeal also lack merit. Although the extradition documents were not marked *126 as exhibits, they were before the court and had been examined by petitioner's attorney who directed much of his argument to the alleged insufficiency thereof. It is clear however that the documents supporting the request for extradition, among which was a copy of the indictment, were in fact sufficient. See N.J.S. 2A:160-11.
The final argument advanced by petitioner arises because it developed during the cross-examination of Detective Howard that he had a notebook with some notes relating to his activities on the night in question but had left it in New York City. Petitioner did not ask for a continuance of the detective's cross-examination nor for a direction that the witness be required to produce those notes at an adjourned hearing. The issue was raised for the first time some 18 days later when petitioner's counsel and the prosecutor were before the court solely for the purpose of hearing the court's oral decision. The point was raised too late, particularly since at the time of trial on May 13, 1968, several other New York detectives were present and available to testify to corroborate Howard.
The order is affirmed.