## Commonwealth *v.* McCaine, Appellant.

Submitted November 9, 1970. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*John J. Dean,* Assistant Public Defender, and *George H. Ross,* Public Defender, for appellant.

*Carol Mary Los* and *J. Kent Culley,* Assistant District Attorneys, and *Robert W. Duggan,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., March 23, 1971:

In May of 1969 appellant was in Allegheny County jail awaiting disposition of an outstanding charge against him. This charge was dismissed on May 29,

but upon written request from the Maryland House of Correction appellant's incarceration was continued pending extradition proceedings. No further action was taken on appellant's case for sixty-three days.

Finally, on July 31, 1969, appellant attempted to secure his release by filing a habeas corpus petition. This petition was denied after a hearing on August 1. On August 12, a hearing was held pursuant to an extradition warrant from the governor of Maryland. After a rehearing on January 8, 1970 appellant was ordered turned over to the Maryland authorities. He remains incarcerated in Pennsylvania pending disposition of this appeal.

The issues involved on appeal are governed by the Uniform Criminal Extradition Act, Act of July 8, 1941, P. L. 288, 19 P.S. §191.1 *et seq.*[1] Basically, the Act provides procedures by which signatory states agree to abide when alleged criminals flee from one jurisdiction to another.

"Although the courts of the surrendering state possess only a limited scope of review over an extradition procedure, there is an obligation to make certain that

---

[1] Section 14 of the Act provides that a police officer may arrest a person if he has reasonable information that the accused has been charged in the courts of another state with a crime punishable by imprisonment for a term exceeding one year, "but when so arrested the accused must be taken before a judge or magistrate *with all practicable speed,* and complaint must be made against him under oath setting forth the ground for the arrest. . . ." (emphasis added). Section 15 requires that "If from the examination before the judge or magistrate it appears that the person held is the person charged with having committed the crime alleged. . ., the judge or magistrate must, by a warrant reciting the accusation, commit him to the county jail for such a time, not exceeding thirty days . . ., as will enable the arrest of the accused to be made under a warrant of the Governor." Section 17 provides that if the accused is not arrested under a governor's warrant within thirty days, a judge may recommit him for up to sixty days.

the requirements of the Uniform Extradition Act have been satisfied before permitting one to be surrendered to the executive authority of the demanding state." *Commonwealth ex rel. Aronson v. Price,* 412 Pa. 493, 495, 194 A. 2d 881, 882 (1963). The Act explicitly requires that after an arrest at the request of another state, a hearing must be held before a judge "with all practicable speed". If a warrant from the requesting governor has not arrived within thirty days, there must be another hearing. In the instant case the district attorney conceded at the habeas corpus hearing that there had been no preliminary hearing of any type on the Maryland charge. However, he argued, and the lower court agreed, that if the governor's warrant arrives before a challenge to confinement, all prior procedural defects are cured.

The Commonwealth contends that the reason it did not proceed was that Maryland was lax in furnishing the proper documents. That is no excuse for failing to provide a prisoner, incarcerated in Pennsylvania, with the basic protection required by the Act. Appellant was held well beyond the period permitted in clear violation of his rights under the Act. Cf. *Commonwealth ex rel. Heaton v. Harvey,* 193 Pa. Superior Ct. 315, 164 A. 2d 123 (1960) (dissenting opinion by MONTGOMERY, J.).

The order holding appellant for extradition is reversed and appellant is discharged.