## Commonwealth ex rel. Hawkins v. Hahn

*Morrison B. Williams,* Assistant District Attorney, for respondent.

*Hugh Stanley Rebert,* Assistant Public Defender, for relator.

ATKINS, P. J., August 31, 1972.—The facts of this case are virtually undisputed. They are as follows:

1. On April 23, 1972, relator was sentenced to undergo imprisonment in the York County Jail for a period of five days after conviction of a summary offense.

2. While that sentence was being served what has been called a "Fugitive Detainer" was lodged at the jail for his return to the State of Florida for violation of his probation imposed after his conviction there of burglary and petty larceny.

3. On July 28, 1972, he presented his petition to this court for a writ of habeas corpus, alleging that his detention is unlawful since no extradition papers had been forwarded by the State of Florida within the time required by the Uniform Criminal Extradition Act of July 8, 1941, P. L. 288, 19 PS §191.1.

4. The court granted a rule to show cause why the writ should not be granted and scheduled the hearing on the rule for August 8, 1972.

5. On August 7, 1972, the warrant of the Governor of Pennsylvania directing the relator's arrest and delivery to the designated agent for the State of Florida was served upon relator at the York County Jail.

6. The document referred to as a fugitive detainer was not made a part of the record.

7. The record does not show that the relator was taken before a judge or a magistrate in compliance with section 15 of the Uniform Criminal Extradition

Act nor was there compliance with section 17 of the act.

8. The 90 days for which commitment was authorized by sections 15 and 17 of the act expired at the latest July 26, 1972.


## DISCUSSION

No objection is made to the form of the extradition papers. The sole point raised by relator is that the failure to comply with the procedures mandated by sections 15 and 17 of the Uniform Criminal Extradition Act entitles him to his discharge.

It becomes apparent that as of July 28, 1972, when relator filed the petition for a writ of habeas corpus, he was entitled to be released from incarceration according to the provisions of the Uniform Criminal Extradition Act and the cases construing it: Commonwealth v. McCaine, 218 Pa. Superior Ct. 274.

The extradition papers were processed in Florida July 6, 1972, and the Governor of Pennsylvania signed the warrant July 14, 1972. The question to be determined is whether the service of the Governor's warrant on August 7, 1972, two days prior to the hearing on the relator's petition, cures the deficiency resulting from the noncompliance with sections 15 and 17 of the Uniform Criminal Extradition Act. This seems to be the very question presented and answered in favor of the relator in Commonwealth v. McCaine, supra. In that case 63 days passed between the time of the relator's arrest and his application for habeas corpus. That application was denied August 11, 1969. On August 13th, a hearing was had pursuant to an extradition warrant from the Governor of Maryland. After a rehearing January 7, 1970, relator was ordered to

be delivered to the Maryland authorities. On appeal, the order was reversed. The Superior Court said:

"In the instant case the district attorney conceded at the habeas corpus hearing that there had been no preliminary hearing of any type on the Maryland charge. However, he argued, and the lower court agreed, that if the governor's warrant arrives before a challenge to confinement, all prior procedural defects are cured."

The court did not accept the district attorney's argument nor did it accept the suggestion that the laxity of the State of Maryland in furnishing the proper document was any excuse for the delay. Of this contention the court said:

"That is no excuse for failing to provide a prisoner, incarcerated in Pennsylvania, with the basic protection required by the Act. Appellant was held well beyond the period permitted in clear violation of his rights under the Act."

This recital shows the close parallel between the factual situation in that case and the one now before us.

The Commonwealth argues that the instant case is controlled by Commonwealth ex rel. Schell v. Case, 15 Bucks 278, affirmed per curiam, 421 Pa. 629. We think, however, that the relator here is aided rather than harmed by that case. There, the relator was successful in a proceeding for habeas corpus by reason of the noncompliance with sections 15 and 17 of the Uniform Criminal Extradition Act. After the order in that action and after he was released, he was continued to be held for other detainers. While he was being held to answer the other detainers, he was served with a Governor's warrant for the same offenses that were the subject of the action in the prior habeas corpus proceeding. He again applied for habeas corpus

and sought to incorporate the record of the earlier proceeding into the later case. This request was refused by the court because the later case was a new one, separate and apart from the former and involved different issues.

We, therefore, conclude that this case is ruled by Commonwealth v. McCaine, supra, and enter the following

### ORDER

And now, to wit, August 31, 1972, it is ordered, adjudged and decreed that the rule heretofore granted to show cause why the writ of habeas corpus should not issue, be and is hereby made absolute and the writ is directed to issue and the relator is discharged.