Commonwealth ex rel. Knowles *v.* Lester, Appellant.

Argued December 12, 1972. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and PACKEL, JJ.

*James Garrett,* Assistant District Attorney, with him *Martin H. Belsky,* Assistant District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for appellant.

*Robert Stein,* Assistant Defender, with him *Jonathan Miller,* Assistant Defender, and *Vincent J. Ziccardi,* Defender, for appellee.

OPINION BY HOFFMAN, J., March 27, 1973:

The Commonwealth appeals contending that the lower court erred in granting appellee's petition for a writ of habeas corpus. The trial judge ordered appel-

lee's release from prison because he had been detained for more than ninety days following his arrest without being presented before a court as the Uniform Criminal Extradition Act[1] requires.

On December 8, 1971, the appellee was arrested and charged with receiving stolen goods and bringing stolen property into the state. On the same day, a warrant was issued charging him with being a fugitive from justice for violating conditions of his parole in Florida. A second fugitive warrant was issued on January 6, 1972. These warrants served as a detainer against the appellee who was then incarcerated on the local charges. On April 28, 1972, the detainer warrant was executed and the appellee charged with being a fugitive. The Commonwealth dropped the local charges on May 4, 1972. Eight days later, a preliminary hearing was held on the fugitive charge; bail of $5000 was set. A hearing before the motions court on the fugitive charges was continued, however, because the Florida authorities were not present. On May 19, 1972, this hearing was

---

[1] Act of July 8, 1941, P. L. 288, §14, §15, §17, 19 P.S. §191.14 et seq.: "Section 14, of the Act provides that a police officer may arrest a person if he has reasonable information that the accused has been charged in the courts of another state with a crime punishable by imprisonment for a term exceeding one year, 'but when so arrested the accused must be taken before a judge or magistrate *with all practicable speed,* and complaint must be made against him under oath setting forth the ground for the arrest. . . .' (emphasis added). Section 15 requires that 'If from the examination before the judge or magistrate it appears that the person held is the person charged with having committed the crime alleged . . ., the judge or magistrate must, by a warrant reciting the accusation, commit him to the county jail for such a time, not exceeding thirty days. . . ., as will enable the arrest of the accused to be made under a warrant of the Governor.' Section 17 provides that if the accused is not arrested under a governor's warrant within thirty days, a judge may recommit him for up to sixty days." *Commonwealth v. McCaine,* 218 Pa. Superior Ct. 274, 276, 275 A. 2d 867 (1971).

again postponed to give the appellee time to retain private counsel and to file a petition for a writ of habeas corpus. On that day, he posted bail and was released. The petition was subsequently filed and the writ was granted on June 21, 1972. The lower court judge issued the writ on the basis of the fact that more than ninety days elapsed between the filing of the detainer and the preliminary hearing on the fugitive charges.

The ninety day period did not begin to run when the detainer was filed against the appellee. Such a time period only began to run when the appellee was brought before the court on April 28th. *Commonwealth ex rel. Johnson v. Johnson*, 221 Pa. Superior Ct. 304, 292 A. 2d 456 (1972) (Where an individual was serving a prison sentence for a prior conviction, the detainer filed by another state did not start the 90 day period; the period began to run when his parole plan was approved.) The instant case is clearly distinguishable from *Commonwealth v. McCaine*, supra, where this court released an appellant who was held without a hearing for sixty-three days. In *McCaine*, the sixty-three day period came after the local charges were dropped. Appellee herein, however, was brought before the court before the local charges against him were dropped.[2]

Thus, the lower court issuance of a writ of habeas corpus is reversed and the cause remanded for further action under the Uniform Criminal Extradition Act.

WATKINS, J., dissents.

---

[2] There is no question that appellee was brought before a magistrate on the fugitive charges with all practicable speed from the date that the detainer was effectuated. Said detainer went into effect on April 28, 1972 and the appellee was brought before the magistrate on the same date. The ninety day period, therefore, began to run on April 28, 1972.