378 A.2d 917

COMMONWEALTH of Pennsylvania ex rel. Thomas Lee MYERS,

v.

John D. CASE, Warden of Bucks County Prison, Doylestown, Pennsylvania.

Appeal of COMMONWEALTH of Pennsylvania.

Superior Court of Pennsylvania.

Argued June 18, 1976.

Decided Oct. 6, 1977.

Stephen B. Harris, First Assistant District Attorney, Warrington, for appellant.

J. Eric Atherholt, Assistant Public Defender, Doylestown, submitted a brief for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PRICE, Judge:

This is an appeal from an order of the court below granting a petition for a writ of habeas corpus and discharging the relator, Thomas Lee Myers. We vacate the order below and order the relator to be extradited to New Jersey.

On August 9, 1975, the relator was arrested in Bucks County for passing bad checks. On that same day, a Middletown Township detective lodged a complaint against the relator, charging him with being a fugitive from justice from New Jersey. The relator was subsequently arrested[1] and arraigned[2] on the fugitive charge. On August 12, 1975,

1. As noted by the lower court in its opinion, confusion exists on record as to the exact date of the relator's arrest on the fugitive charge. In their briefs before this court, both parties state that the arrest in question occurred on August 12, 1975. However, during the hearing to determine the relator's plea for habeas corpus relief, Chief County Detective Thawley Hayman of Bucks County testified that the relator was arrested as a fugitive on August 9, 1975.

2. In support of the lower court's order discharging him, the relator, in his brief before this court, emphatically argues, inter alia, that he was not brought before a magistrate for arraignment until more than 130 days after his arrest on the fugitive charge. The record clearly refutes this contention. In his petition for a writ of habeas corpus the relator himself declares that he "was arraigned before a District Justice on said fugitive charge on August 9, 1975. . . . " The relator later affirmed this fact at the hearing on his plea for habeas corpus relief. (NT 2) Furthermore, Chief County Detective Hayman, see note 1, supra, indicated, without objection by the relator,

a fugitive detainer from New Jersey was lodged against the relator with Pennsylvania authorities. When the Commonwealth did not receive the Governor's Warrant and other necessary extradition documents within thirty days after the relator was taken into custody, a District Justice of the Peace of Bucks County recommitted the relator for an additional sixty days pursuant to Sections 191.15 and 191.17 of the Uniform Criminal Extradition Act.[3] The Commonwealth received the Governor's Warrant on September 17, 1975, which was within the prescribed period of ninety days.[4] At this time, the relator was serving a sentence resulting from the local bad check charges. On November 25, 1975, after the appellant had been paroled on the local charges, the Commonwealth executed the Governor's Warrant. A Bucks County detective testified that the Governor's Warrant was not executed when it was received " . . . because the defendant was then serving a sentence in the Bucks County Prison and it would be . . . a waste of time to actually arrest him on the Governor's warrant because he wasn't free to go anyplace." (NT 7) Immediately upon the execution of the Governor's Warrant, the relator was advised by a lower court judge of his right to test the legality of his arrest, as prescribed by Section 191.10 of the Act.

On December 1, 1975, the relator petitioned the court below for a writ of habeas corpus, contending that the writ should issue because the Commonwealth had not executed the Governor's Warrant until fifteen days after the ninety

that arraignment did occur, but that no bail was set on the fugitive charge. (NT 4–5)

3. Act of July 8, 1941, P.L. 288, § 1 (19 P.S. § 191.1) *et seq.*

4. The Uniform Criminal Extradition Act allows a maximum period of ninety days during which a person may be held in custody after arrest. Specifically, Section 191.15 permits incarceration of an accused for thirty days so that requisition documents may be forwarded from the demanding state. If these documents do not arrive within thirty days, Section 191.17 allows a magistrate or judge to recommit the accused for a further period of sixty days.

day period had expired. The lower court agreed with this contention and discharged the relator.

■ There is no question that the Commonwealth did not arrest the relator under the Governor's Warrant until after the expiration of the prescribed ninety day period. In *Commonwealth v. McCaine,* 218 Pa.Super. 274, 276–77, 275 A.2d 867, 868 (1971), *quoting Commonwealth ex rel. Aronson v. Price,* 412 Pa. 493, 495, 194 A.2d 881, 882 (1963), we stated that the courts of this Commonwealth have " ' . . . an obligation to make certain that the requirements of the Uniform Extradition Act have been satisfied before permitting one to be surrendered to the executive authority of the demanding state.' " However, technical or formal objections will not invalidate an extradition proceeding. *Commonwealth ex rel. Osburn v. Haas,* 439 Pa. 341, 268 A.2d 85 (1970); *Commonwealth v. Murphy,* 236 Pa.Super. 37, 344 A.2d 662 (1975). The Commonwealth claims that its failure to execute timely the Governor's Warrant was merely a "formalistic oversight," not entitling the relator to be discharged. After careful review of the record, we conclude that the procedures involved in this case substantially complied with the requirements of the Act and adequately safeguarded the rights of the relator.

■ We believe the instant case to be controlled by the decision of the Pennsylvania Supreme Court in *Commonwealth ex rel. Osburn v. Haas, supra.* In *Osburn,* the relator contended that he should be discharged because the Commonwealth had failed to arrest him on the Governor's Warrant within thirty days of his initial arrest on the magistrate's warrant, as required by Section 191.15 of the Act.[5]

5. Section 191.15 provides in pertinent part that:
"If from the examination before the judge or magistrate it appears that the person held is the person charged with having committed the crime alleged, and . . . that he has fled from justice, the judge or magistrate must, by a warrant reciting the accusation, commit him to the county jail for such a time, not exceeding thirty days, and specified in the warrant, as will enable the arrest of the accused to be made under a warrant of the Governor on a requisition of the executive authority of the state having jurisdiction of the offense

The court in *Osburn* rejected the relator's contention, holding:

> "As appellant was properly in the custody of the appellee at the time the Governor's warrant was issued, and as that warrant was issued within thirty days of appellant's initial arrest, we cannot see what possible harm appellant suffered by virtue of the failure formally to re-arrest him. The Act having been complied with in all essential particulars, we agree with the court below that this formalistic oversight does not entitle appellant to the writ." *Commonwealth ex rel. Osburn v. Haas, supra* 439 Pa. at 345–46, 268 A.2d at 87.

The relator, in support of his petition, contends that the instant case is controlled by our supreme court's decision in *Commonwealth ex rel. Knowles v. Lester*, 456 Pa. 423, 321 A.2d 637 (1974), rather than by its decision in *Osburn*. In *Lester*, the court held that the lodging of a fugitive detainer against a person already in custody constituted an arrest within the meaning of the Uniform Criminal Extradition Act and failure to arraign a person until more than 140 days after such arrest energizes the prescribed remedy of habeas corpus. *Lester*, however, is clearly distinguishable from the case at bar and *Osburn*. In the instant case, and in *Osburn*, the relator was preliminarily arraigned at the time of his initial confinement. *See Commonwealth v. Murphy, supra.*[6] In *Lester*, no hearing was held at all for 141 days. The relator in the instant case received a hearing at the time of his arrest, at the time of his re-arrest on the Governor's Warrant, and upon his petition for habeas corpus. Certainly, the relator's constitutional rights were not violated by the procedures employed in this Commonwealth. *See Commonwealth ex rel. Huey v. Dye*, 373 Pa. 508, 96 A.2d 129 (1953).

. . . ." The instant case may not be distinguished from *Osburn* merely because the Commonwealth procured a further extension under Section 191.17. *See* note 4, *supra.*

**6.** *See* note 2, *supra.*

■ The relator also contends that if the court's holding in *Osburn* is applied in this case, then the Commonwealth could wait indefinitely to execute a Governor's Warrant if the appellant was incarcerated on another charge.[7] This position is untenable. Implicit in *Osburn* is the recognition that if the prescribed period has expired, then the relator need only apply for a writ of habeas corpus in order to assert his rights under the Act. If the relator has not received a preliminary hearing, then *Lester* would apply, and the relator would be discharged. However, if the relator has been formally charged, if the Governor's Warrant has been timely received, and if the Governor's Warrant has been executed within a reasonable time after the expiration of the prescribed period, then, under *Osburn*, the lower court may properly determine that the relator's rights have been adequately safeguarded and that only a technical violation of the Act has occurred. Here, unlike *Osburn*, it is apparent that the Commonwealth's failure to execute the Governor's Warrant was not an "oversight." The Commonwealth deliberately failed to act until after the relator had been paroled on his local sentence. However, the execution of the Governor's Warrant still occurred within fifteen days after the expiration of the ninety day period. Certainly, in view of the safeguards afforded the relator, this violation of the Act can only be classified as technical.[8]

7. It should be noted that under Section 191.19 of the Act if a criminal prosecution has been instituted against an accused in this Commonwealth, and is still pending at the time of requisition by another State, the Governor has discretionary power to grant the application for extradition or defer action until the accused has been completely punished by service of his sentence.

8. In *Osburn*, the relator was taken into custody on June 6, 1969, on a detainer warrant charging that he was a fugitive from justice. The Commonwealth received the Governor's Warrant on June 30, 1969. On August 9, 1969, the relator's petition for a writ of habeas corpus was denied. The court does not specify the date on which the Governor's Warrant was executed. However, it must have occurred sometime within the thirty-five day period between the expiration of the thirty day period on July 6, 1969, and the denial of the habeas corpus petition on August 9, 1969.

The relator does not contend that the Commonwealth failed to present sufficient evidence to extradite.[9]  The relator based his petition for a writ of habeas corpus solely upon the Commonwealth's delay in executing the Governor's Warrant.  We reverse the order below granting the relator's petition for a writ of habeas corpus and order extradition.

SPAETH, J., files a concurring opinion.

JACOBS, J., dissents.

SPAETH, Judge, concurring:

I agree that the relator may be extradited.  Absent a violation of the rule of *Commonwealth ex rel. Knowles v. Lester*, 456 Pa. 423, 321 A.2d 637 (1974), habeas corpus relief is warranted only when sought after the expiration of the prescribed period (whether thirty or, if extended, ninety days) *and* before a governor's warrant is executed.  *Cohen v. Warden*, 252 F.Supp. 666 (D.C.Md.1966); *In re Colasanti*, 104 N.J.Super. 122, 249 A.2d 1 (1969) (*per curiam*); *People ex rel. Gummow v. Larson*, 35 Ill.2d 280, 220 N.E.2d 165 (1966); *People ex rel. Green v. Nenna*, 53 Misc.2d 525, 279 N.Y.S.2d 324 (Sup.Ct.1965), *aff'd*, 24 A.D.2d 936, 264 N.Y.S.2d 211 (Sup.Ct.App.Div.1965), *aff'd*, 17 N.Y.2d 815, 271 N.Y.S.2d 267, 218 N.E.2d 311 (1966).

**9.**  Under the Uniform Criminal Extradition Act, the Commonwealth must show:  (1) the extradition papers are in order;  (2) the subject of the extradition is charged with a crime in the demanding state;  (3) the subject is a fugitive from the demanding state;  and (4) the subject of the extradition was in the demanding state at the time the crime was committed.  *E. g.*, *Commonwealth v. Murphy*, 236 Pa.Super. 37, 344 A.2d 662 (1975).  The instant record shows that at the habeas corpus hearing, Chief County Detective Hayman testified, without objection by the relator, that the Commonwealth had satisfied its statutory obligations at the hearing conducted by the court below on November 25, 1975, immediately after the execution of the Governor's Warrant.