## Commonwealth ex rel. Morton v. Egolf

*Shawn Wagner, assistant district attorney,* for the Commonwealth.

*Scott Moore,* for defendant.

BAYLEY, *J.,* February 11, 1991—On November 2, 1990, Jeffrey F. Morton was arrested in Cumberland County on a fugitive warrant issued in the Judicial District of New Haven, Connecticut, charging him with a violation of probation on a conviction of robbery. He was arraigned on November 2, and committed to the Cumberland County Prison in lieu of posting bail. A public defender was appointed to represent him on November 6.

On November 30, within 30 days of the commitment, the Commonwealth filed an extension petition. An order was entered in this court on Decem-

ber 3, extending the commitment for 60 days, or for a total of 90 days from November 2. On December 12, the governor of Connecticut issued a *warrant of requisition* seeking the extradition of defendant. On January 13, 1991, the governor of Pennsylvania issued a *warrant of arrest* authorizing the extradition of defendant to Connecticut. On January 30, 89 days after defendant's arrest and commitment on November 2, 1990, the sheriff of Cumberland County served the warrant of arrest issued by the governor of Pennsylvania on defendant at the Cumberland County Prison.

On February 4, defendant filed a petition for a writ of habeas corpus, seeking discharge from commitment. We held a hearing on February 6, which was combined with an extradition hearing. The requirements necessary to extradite defendant to Connecticut are that he: (1) is charged with a crime in the demanding state; (2) is a fugitive from the demanding state; (3) was in the demanding state at the time the crime for which he is charged was committed; and (4) that the requisition papers are in order. *Commonwealth ex rel. Banks v. Hendrick,* 430 Pa. 575, 243 A.2d 438 (1968); *Commonwealth v. Shaffer,* 40 Cumberland L.J. 253 (1990). The requisition papers are in order and defendant concedes that all the requirements for his extradition have been met; however, he claims he is still entitled to the issuance of a writ of habeas corpus because: (1) an extradition hearing was not held within 90 days of the date of his arrest on the fugitive warrant, and (2) he was never personally served with the warrant of requisition issued by the governor of Connecticut.

The Uniform Criminal Extradition Act, 42 Pa.C.S. §9121 et seq. (Purdon 1982), provides in sections 9136 and 9138:

"§9136. *Commitment to await requisition*

"If from the examination before the judge or issuing authority it appears that the person held is the person charged with having committed the crime alleged, and, except in cases arising under section 9127 (relating to extradition of persons not present in demanding state at time of commission of crime), that he has fled from justice, the judge or issuing authority must, by a warrant reciting the accusation, commit him to the county jail for such a time, not exceeding 30 days, and specified in the warrant, *as will enable the arrest of the accused to be made under a warrant of the governor on a requisition of the executive authority of the state having jurisdiction of the offense* unless the accused give bail as provided in section 9137 (relating to bail), or until he shall be legally discharged." (emphasis added)

"§9138. *Extension of time of commitment*

*"If the accused is not arrested under warrant of the governor* by the expiration of the time specified in the warrant or bond, *a judge* or issuing authority may discharge him or *may recommit him for a further period, not to exceed 60 days,* or a judge or issuing authority may again take bail for his appearance and surrender, as provided in section 9137 (relating to bail), but within a period not to exceed 60 days after the date of such new bond." (emphasis added)

There is no requirement in the Uniform Extradition Act that the warrant of requisition issued by the governor of the demanding state must be served on a defendant. The reason is obvious; a defendant could not be arrested on that warrant. The warrant of requisition, however, is an exhibit that has been properly admitted into evidence because defendant could not be extradited, absent his consent, without it having been issued. Clearly, since defendant was arrested on January 30, on a warrant of arrest issued

by the governor of Pennsylvania on January 13, both dates being within 90 days of defendant's arrest on the fugitive warrant issued in the Judicial District of New Haven, Connecticut, defendant is not entitled to the issuance of a writ of habeas corpus. There is no requirement that an extradition hearing be held within 90 days of November 7, 1990. *Commonwealth ex rel. Myers v. Case,* 250 Pa. Super. 242, 378 A.2d 917 (1977); *see Commonwealth v. Quackenbush,* 291 Pa. Super. 209, 335 A.2d 872 (1981). As long as an arrest warrant of the governor of Pennsylvania is issued within 90 days of a defendant's arrest, even if defendant has not been arrested on that warrant within that 90 days, there would still be no entitlement to the issuance of a writ of habeas corpus. *Commonwealth ex rel. Myers v. Case, supra;* see *Commonwealth ex rel. Goodroe v. Roth,* 230 Pa. Super. 70, 326 A.2d 886 (1974). Sections 9136 and 9138 of the Uniform Extradition Act prevent continued restraint on a defendant's liberty only if the *executive* authorities do not act within the time limits set in those sections. *Commonwealth ex. rel. Knowles v. Lester,* 456 Pa. 423, 321 A.2d 637 (1974); *Commonwealth ex rel. Douglass v. Aytch,* 225 Pa. Superior Ct. 195, 310 A.2d 313 (1973).*

For the foregoing reasons the following order is entered.

---

* Defendant's reliance on the general language in *Commonwealth v. Hude,* 483 Pa. 489, 397 A.2d 772 (1979), that a detainer must be dismissed if extradition proceedings are not commenced within the required time limit, is misplaced. The Supreme Court in *Hude* was citing *Commonwealth ex rel. Knowles v. Lester, supra*, which defines the *commencement* of extradition proceedings in terms of the issuance of governors' warrants (which must always be issued no later than a total of 90 days from a defendant's arrest), not the date of a judicial hearing to determine if the requirements for extradition under the Uniform Extradition Act have been met.

## ORDER

And now, February 11, 1991, it is ordered that:

(1) The petition for the issuance of a writ of habeas corpus is denied.

(2) Defendant is extradited to the State of Connecticut.