## 32972. STYNCHCOMBE v. WHITLEY.

Jordan, Justice.

The question on this appeal is the validity of an arrest made more than one year from the date of issuance of the Governor's extradition arrest warrant.

On April 28, 1976, in an extradition proceeding the appellee was brought before a magistrate in DeKalb County who entered a commitment order, and a bond was set returnable on May 28, 1976. On May 25, 1976, the Governor of Georgia issued an extradition arrest warrant. The record shows no further proceedings in DeKalb County pursuant to the warrant.

On May 26, 1977, upon a request from the State of Florida, the appellee was apprehended in Fulton County and on May 27, 1977, was committed to jail for 30 days. On May 31, 1977, the DeKalb County district attorney forwarded the Governor's arrest warrant which had been issued by May 25, 1976, to the appellant, and on June 27, 1977, the appellee was arrested under said warrant and ordered extradited to Florida.

On July 5, 1977, the appellee filed his petition for habeas corpus, contending that the State of Florida had only 90 days from the date of his first commitment on April 28, 1976, in which to extradite him and that the arrest on June 27, 1977 under said warrant was illegal.

At a hearing on the petition on July 20, 1977, the habeas court held that the Governor's warrant had become stale; the arrest thereunder was illegal; and the writ was granted. The sheriff appeals.

The question presented involves a construction of Code Ann. §§ 44-415, 44-416 and 44-417. Section 44-415 provides a 30-day period in which a person charged with a crime in another state may be detained. Section 44-417 allows an additional period of time of detention not to exceed 60 days if the arrest has not been made during the first detention. Section 44-416 provides for bail during either period of detention unless the crime is punishable by death or life imprisonment in the demanding state.

The appellee contends that the prescribed maximum detention period of 90 days also limits the time for making an arrest under the warrant to the same time period. The appellant contends that the statutes provide a limitation only on the time a person may be detained either in jail or on bail and does not limit the time in which the arrest warrant may be executed. We agree with the contention of the appellant and reverse the judgment of the trial court.

The purpose of the detention, either in jail or on bail, is such "as will enable the arrest of the accused to be made under a warrant of the Governor on a requisition of the executive authority of the state having jurisdiction of the offense." Code Ann. § 44-415. The detention period, either in jail or on bail, would certainly facilitate the execution of the arrest warrant. If the warrant is not executed during the 90-day maximum detention period, the accused is clearly entitled to be discharged from jail or bail. He would be free to leave the asylum state or take any other action to render the execution of the warrant difficult or impossible. We see no reason why the warrant should become stale or void merely because it was not executed during the period of detention allowed to facilitate arrest thereunder. See *Ward v. Jarvis,* 240 Ga. 668 (1978).

This view is in accord with decisions in other states construing these same provisions of the Uniform Extradition Act. In People v. Larson, 35 Ill. 2d 280 (220 NE2d 165) (1966), it was stated, "The purpose of these

sections of the extradition law is to prevent unreasonably lengthy periods of confinement of fugitives pending consummation of extradition proceedings by the demanding state. [Cits.] There is, however, no indication of any legislative intent to restrict the period within which the Governor of Illinois may issue his rendition warrant to the period within which the court which issues the fugitive warrant may commit the accused or require him to give bond." Accord Bolton v. Timmerman, 233 S. C. 429 (105 SE2d 518); People v. Pratt, 24 Ill. App. 3d 927 (322 NE2d 74) (1975); State v. Hedman, 280 Minn. 69 (157 NW2d 756) (1968). "The sections only limit the time during which one arrested as a fugitive may be kept in jail (or on bail in lieu thereof) pending the completion of extradition proceedings and the issuance of the governor's arrest warrant." In re Colasanti, 104 N. J. Super. 122, 125 (249 A2d 1) (1969).

The trial court cited and relied on Speaks v. McGregor, 355 FSupp. 1129 (W. D. Va. 1973), which is some authority for a contrary position. However, the principal holding in that case is that the detention of an accused longer than the allowed statutory period violates his civil rights for which an action will lie.

*Judgment reversed. All the Justices concur.*

SUBMITTED NOVEMBER 11, 1977 — DECIDED FEBRUARY 22, 1978.

*Lewis R. Slaton, District Attorney, H. Allen Moye, Assistant District Attorney,* for appellant.
*Ralph J. Hunstein,* for appellee.