421 A.2d 1131

**COMMONWEALTH of Pennsylvania**

v.

**Frederick S. BROWN, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 6, 1979.

Filed Aug. 15, 1980.

George E. Lepley, Jr., Assistant Public Defender, Williamsport, for appellant.

William S. Kieser, District Attorney, Williamsport, for Commonwealth, appellee.

Before BROSKY, WICKERSHAM and ROBERTS, JJ.*

ROBERTS, Judge:

Appellant Frederick Brown, an alleged fugitive from justice in West Virginia, challenges an order of the Court of Common Pleas of Lycoming County denying him a writ of habeas corpus. Appellant claims the writ should have been granted because, contrary to the Uniform Criminal Extradition Act, 42 Pa.C.S. § 9121 et seq., he was held as a fugitive for more than thirty days without being arrested pursuant to a Governor's warrant. We affirm.

On December 15, 1978, while on routine patrol, Williamsport Police Officer Anthony Evans and a companion officer received a radio report that appellant was in the area of Walnut and Erie Avenues, Williamsport. Williamsport police had previously received teletypes from West Virginia authorities that there were outstanding warrants for the arrest of appellant on felony–theft charges. Officer Evans and his fellow officer proceeded to the reported address. There they saw a man fitting appellant's description. On Evans' inquiry appellant acknowledged that he was Frederick Brown. Evans informed appellant there was a warrant from West Virginia for his arrest and took appellant into custody.

Evans immediately brought appellant before a district magistrate, where a criminal complaint was filed, charging appellant was a fugitive from justice. The magistrate set December 22, 1978 as a hearing date and fixed bail at $2500. Appellant posted the necessary amount. (He has been continuously free on bail since.) On December 22, a hearing was held as scheduled. As a result of this hearing, appellant was "bound to court."

On January 8, 1979, after further proceedings, the court of common pleas entered the following order:

* Justice SAMUEL J. ROBERTS of the Supreme Court of Pennsylvania, is sitting by designation.

"The preliminary hearing on extradition proceedings was held on this day, at which time, the Defendant was represented by Public Defender. He was advised of his right to file a habeas corpus petition to contest the extradition proceeding. He is on bail at the present time and will continue bail pending final processing of this extradition case."

No further proceedings occurred until February 2, when appellant filed a petition for writ of habeas corpus. Among other things, appellant alleged that:

"a defendant may be held as a Fugitive only for a period of thirty (30) days. At the end of that thirty (30) days, the Commonwealth must have served the defendant with the Governor's warrant or moved for an extension of sixty (60) days in which to serve the proper papers. The Commonwealth has not served the Governor's Warrant nor has the Commonwealth filed an extension of sixty (60) days."

The court of common pleas issued a rule on the District Attorney of Lycoming County to show cause why appellant should not be granted a writ. On February 12, 1979, the court held a hearing. At the hearing, at which appellant was present, the Commonwealth introduced testimony of arresting officer Evans as well as a Donald Elliott. Identifying appellant in open court, Elliott testified that he received a stolen pistol from appellant while the two were in West Virginia. (Elliott pled guilty to a receiving stolen property charge.) The Commonwealth also introduced as exhibits both requisition papers from West Virginia and the Pennsylvania Governor's warrant.

Although appellant questioned the Governor's warrant on the ground it indicated no return of service, the court of common pleas concluded that the Governor's warrant as well as documents from West Virginia are in order. The court also determined, "from the weight of the evidence, that this is the Frederick Brown referred to in the documentation, and that he was, in fact, in the jurisdiction of the West Virginia Court at the time of the alleged offense." Thus it

entered an order denying appellant's request for relief. Posting additional bail, appellant timely took the present appeal.

Appellant's thirty–day claim rests largely upon 42 Pa.C.S. § 9136 (formerly section 15 of the Uniform Criminal Extradition Act, Act of July 8, 1941, P.L. 288, 19 P.S. § 191.15) and *Commonwealth ex rel. Knowles v. Lester*, 456 Pa. 423, 321 A.2d 637 (1974). Section 9136 provides:

> "If from the examination before the judge or issuing authority it appears that the person held is the person charged with having committed the crime alleged, and, except in cases arising under section 9127 (relating to extradition of persons not present in demanding state at time of commission of crime), that he has fled from justice, the judge or issuing authority must, by a warrant reciting the accusation, commit him to the county jail for such a time, not exceeding 30 days, and specified in the warrant, as will enable the arrest of the accused to be made under a warrant of the Governor on a requisition of the executive authority of the state having jurisdiction of the offense unless the accused give bail as provided in section 9137 (relating to bail), or until he shall be legally discharged."

In *Knowles*, our Supreme Court held a writ should have been granted where the charges lodged against the alleged fugitive by way of detainer were never tested.

> "[A]n alleged fugitive may not be committed for more than thirty days [(unless there has been an extension of time of commitment of up to sixty days under the predecessor of 42 Pa.C.S. § 9138)].... [Knowles] was not arraigned on the detainer until ... more than 140 days after his arrest. This failure to comply with the provisions of the Uniform Criminal Extradition Act ... energizes the statutorily–provided remedy of habeas corpus."

*Knowles*, 456 Pa. at 428, 321 A.2d at 640–41 (footnote omitted). See id., 456 Pa. at 425 n.5 and 428 n.9, 321 A.2d at 639 n.5 and 640 n.9.

■ Here, as in *Knowles*, there is no dispute that no extension of time under section 9138 was granted. And we will assume, as we have in the past, that the thirty–day rule applied in *Knowles* applies to a case where, as here, the suspected fugitive has been admitted to bail. See *Commonwealth v. Rowe*, 264 Pa.Super. 67, 398 A.2d 1060 (1979). But see 42 Pa.C.S. §§ 9137 and 9138.

At the same time, however, this case differs from *Knowles* in two crucial respects. Unlike in *Knowles*, this record is clear that appellant was afforded hearings on the charges against him. Most significantly, at the hearing on appellant's petition for a writ of habeas corpus, held less than two months after appellant's arrest, the Commonwealth introduced both requisition papers and the Pennsylvania Governor's warrant. Although at the habeas corpus hearing appellant questioned the Governor's warrant, the court of common pleas determined the documents are in order. Appellant now in no way questions the validity or effect of the Governor's warrant.

Recently this Court has adopted the following rule fashioned by Judge Spaeth, concurring, in *Commonwealth ex rel. Myers v. Case*, 250 Pa.Super. 242, 249, 378 A.2d 917, 920 (1977):

> "Absent a violation of [*Knowles*], habeas corpus relief is warranted only when sought after the expiration of the prescribed period (whether thirty or, if extended [pursuant to section 9138], ninety days) *and before* a governor's warrant is executed."

*Commonwealth ex rel. Holcombe v. Strode*, 266 Pa.Super. 39, 44, 402 A.2d 1067, 1969 (1979) (emphasis in original). See also *Commonwealth v. Rowe*, supra. "In short, once the relator has been arrested under the authority of a valid Governor's warrant, the legality or illegality of the prior extradition proceedings becomes moot. *People ex rel. Vasquez v. Pratt*, 24 Ill.App.3d 927, 322 N.E.2d 74 (1975)." *Commonwealth ex rel. Holcombe v. Strode*, supra. We are satisfied that this rule applies here, where at the habeas corpus hearing, held less than two months after appellant's

arrest, the Commonwealth produced requisition papers and a Governor's warrant adjudged in order and now unquestioned. Thus we reject appellant's claim that the writ should have been granted.

■ Appellant makes two other arguments in support of disturbing the trial court's judgment, neither of which is persuasive. First appellant contends that at the habeas corpus hearing the court of common pleas improperly ruled that appellant's allegations regarding improprieties in his arrest and extradition preliminary hearing were "irrelevant." Our review of the record reveals no improper limitation on the scope of inquiry. As we have summarized,

"Extradition is a constitutionally mandated process and will be ordered if the subject of the extradition (1) is charged with a crime in the demanding state, (2) is a fugitive from the demanding state, (3) was present in the demanding state at the time of the commission of the crime, and (4) if the requisition papers are in order."

*Commonwealth ex rel. Berry v. Aytch*, 253 Pa.Super. 312, 316, 385 A.2d 354, 356 (1970). Here, fully open to litigation were all of these issues, especially the issue whether appellant was the person charged with a West Virginia crime. Appellant's attempt to enlarge the scope of inquiry to include litigation of probable cause for his original arrest must be rejected. See *Commonwealth ex rel. Berry v. Aytch*, supra. See also *United States v. Crews*, 445 U.S. 463, 473, 100 S.Ct. 1244, 1251, 63 L.Ed.2d 537 (1980); *Frisbie v. Collins*, 342 U.S. 519, 72 S.Ct. 509, 96 L.Ed. 541 (1952); *Commonwealth ex rel. Marshall v. Gedney*, 478 Pa. 299, 386 A.2d 942 (1978).

■ Appellant also suggests that there was insufficient evidence before the court of common pleas to support its factual determination that appellant was present in West Virginia at the time the alleged crime was committed. Again, however, a review of the record refutes appellant's contention. Here, despite appellant's claim to the contrary, Commonwealth witness Donald Elliott did, indeed, identify appellant in open court as the person committing the alleged

offense in West Virginia. Although cross–examination produced some equivocation on the witness's part regarding precisely how appellant arrived at the scene of the alleged transaction, there was no equivocation whatsoever regarding the witness's critical testimony.

■ Most important, however, appellant's contention would require this Court to substitute its judgment for that of the factfinder. Such a result, contravening first principles of appellate review, cannot prevail. See e. g., *Commonwealth v. Whack*, 482 Pa. 137, 140, 393 A.2d 417, 419 (1978); *Commonwealth v. Rose*, 463 Pa. 264, 268, 344 A.2d 824, 826 (1975).

Order affirmed.