435 A.2d 1266

COMMONWEALTH of Pennsylvania ex rel.
Lewis QUACKENBUSH

v.

Thomas FAIRCHILD, Warden of the Bradford County Jail.

Appeal of Lewis QUACKENBUSH.

Superior Court of Pennsylvania.

Argued Sept. 10, 1980.

Filed Oct. 16, 1981.

Stuart M. Golant, Towanda, for appellant.

Jon Scot Chadwick, Towanda, for appellee.

Before SPAETH, HESTER and CAVANAUGH, JJ.

CAVANAUGH, Judge:

This is an appeal from an order denying a petition for a writ of habeas corpus in an extradition proceeding and ordering that appellant be delivered to the appropriate officials of New York State. We affirm.

On November 5, 1979, appellant was arrested by the Pennsylvania State Police and charged with rape, involuntary deviate sexual intercourse, indecent assault and terroristic threats; thereafter, in lieu of bail, appellant was committed to Bradford County Jail.

Subsequently, a detainer was lodged against appellant by authorities from Chemung County, New York.

On December 19, 1979, the charges pending against appellant in Pennsylvania were dropped. Appellant was not immediately released, thus defense counsel filed a petition for a writ of habeas corpus on December 20, 1979. However, before a hearing on the petition could take place, appellant was arraigned before a district magistrate on a fugitive warrant based on the detainer filed previously by New York officials.

On December 21, 1979, after a hearing on the habeas corpus petition, appellant was recommitted to Bradford County Jail to await extradition. However, no term of commitment was specified by the issuing authority.

On February 7, 1980, appellant filed a petition for a writ of habeas corpus demanding release, since 30 days had passed and no arrest had been effected by a Governor's warrant pursuant to extradition proceedings.

On February 8, 1980, a Pennsylvania Governor's warrant and extradition papers from New York state were served on appellant.

On February 13, 1980, a hearing was held on the habeas corpus petition and on extradition. The court denied the

habeas corpus petition and ordered that appellant be extradited. This appeal followed.

Under the Uniform Criminal Extradition Act an accused may be committed to jail for up to thirty days to allow his arrest on a Governor's warrant pursuant to a request by the demanding state. 42 Pa. C.S.A. § 9136. If the accused is not arrested under the Governor's warrant within the initial thirty day period, he may be recommitted for a further period not to exceed sixty days, i. e. his commitment may be extended. 42 Pa. C.S.A. § 9138. Although the statute, 42 Pa. C.S.A. § 9138, does not expressly require a hearing before an accused may be recommitted for another period of up to sixty days, our case law has imposed such a requirement. *See Commonwealth ex. rel. Colbert v. Aytch*, 246 Pa.Super. 278, 369 A.2d 1321 (1976) *affd.* 478 Pa. 314, 386 A.2d 950 (1978); *Commonwealth v. Murphy*, 236 Pa.Super. 37, 344 A.2d 662, 664 (1975), *allocatur denied.*

In the instant case appellant was committed to jail to allow his arrest on the Governor's warrant. However, after the initial thirty day period of his commitment, contrary to 42 Pa. C.S.A. § 9138 there was no extension of his commitment for a further period. Thus appellant argues that he is entitled to be discharged.[1] We disagree based on our decision in *Commonwealth v. Brown*, 281 Pa.Super. 31, 421 A.2d 1131 (1980).

In *Commonwealth v. Brown, supra*, the appellant asserted that the lower court erred by denying his petition for a writ of habeas corpus. He argued that habeas corpus should have been granted since he was held as a fugitive for more than thirty days and the Commonwealth had not sought an extension of time under 42 Pa. C.S.A. § 9138, and had not arrested him under a Governor's warrant. On December 15 Brown was arrested and was brought before a district magistrate; a criminal complaint was filed and he was released on bail. On December 22 a hearing was held and as a result he was "bound to court." On January 8 the court

1. The other arguments which appellant raises are either meritless or have not been raised in the lower court and hence are waived.

entered an order indicating that a preliminary hearing on extradition had been held, and that Brown had been advised of his right to file a habeas corpus petition.

On February 2 Brown filed a petition for habeas corpus. He alleged that the writ should be granted since he was held as a fugitive for more than thirty days and the Commonwealth had not obtained an extension of time to hold him and had not served the Governor's warrant.

On February 12 a hearing was held at which the Commonwealth's witness identified Brown as the person wanted by West Virginia and at which the Commonwealth introduced the requisition papers and Governor's warrant as exhibits. The lower court denied the petition for habeas corpus.

On appeal this court affirmed through an opinion written by Mr. Justice Roberts who was sitting by designation on the Superior Court. In reaching the result Justice Roberts distinguished *Brown* from *Commonwealth ex rel. Knowles v. Lester*, 456 Pa. 423, 321 A.2d 637 (1974), an opinion which he also had written. He distinguished *Knowles* on two grounds. He stated "[u]nlike in *Knowles*, this record is clear that appellant was afforded hearings on the charges against him. Most significantly, at the hearing on appellant's petition for a writ of habeas corpus, held less than two months after appellant's arrest, the Commonwealth introduced both requisition papers and the Pennsylvania Governor's Warrant." *Commonwealth v. Brown supra*, 281 Pa.Super. at 36, 421 A.2d at 1134.

The *Brown* court recognized that in *Commonwealth ex rel. Holcombe v. Strode*, 266 Pa.Super. 39, 44, 402 A.2d 1067, 1069 (1979), the Superior Court adopted the rule which Judge Spaeth stated in his concurring opinion in *Commonwealth v. ex rel. Myers v. Case*, 250 Pa.Super. 242, 378 A.2d 917 (1977), that "[a]bsent a violation of the Rule of *Commonwealth ex rel. Knowles v. Lester*, 456 Pa. 423, 321 A.2d 637 (1974), habeas corpus relief is warranted only when sought after the expiration of the prescribed period (whether thirty or if extended, [pursuant to 42 Pa. C.S.A. § 9138] ninety days) *and* before a governor's warrant is executed." *Id.* 250

Pa.Super. at 249, 378 A.2d at 920 (emphasis original, citations omitted.). The *Brown* court, however, extended this rule to deny relief in a situation in which habeas corpus was sought before the Governor's warrant was executed, but at the habeas corpus hearing, the Commonwealth produced requisition papers and a Governor's warrant. *Brown, supra,* 281 Pa.Super. at 36, 421 A.2d at 1134.

In the instant case like *Brown* appellant was afforded hearings on the charges against him. On December 20, he had a preliminary arraignment and on December 21 there was a hearing on his first habeas corpus petition. At this hearing there was evidence of the length of time of the appellant's detention, the reasons for his detention, the nature of the charges pending against him in New York, and the existence of a detainer from New York. The preliminary arraignment and the habeas corpus hearing distinguish this case from *Knowles.*

Furthermore, like *Brown* appellant filed a petition for habeas corpus on the ground that he had been held for more than thirty days and no extension had been obtained and no Governor's warrant had been executed.[2] Additionally, like *Brown* at the hearing on this habeas corpus petition the Commonwealth produced the requisition papers and the Governor's warrant, it also produced testimony that the appellant was the person sought by New York.

However, in addition to the similarities between the instant case and *Brown* there are facts which differentiate the instant case from *Brown.* Nevertheless these facts do not require a different result. Although the number and type of hearings in the instant case are different from *Brown,* no

2. This was appellant's second petition for habeas corpus. At the hearing on his first petition, on December 21, appellant claimed that he should be released since local charges against him had been dismissed on December 19 and the habeas corpus petition had been filed on December 20. This petition was denied because on December 20 a fugitive complaint had been filed against him and a preliminary arraignment had been held. At the hearing on this second habeas corpus petition appellant claimed for the first time that his rights under the Uniform Extradition Act, 42 Pa. C.S.A. § 9138, had been violated.

language in *Brown* suggests that the type or number of hearings had any significance.

Another difference between this case and *Brown* is the time when the Governor's warrant was produced. In *Brown* it was within two months of arrest. In the instant case it was within ninety days of the time the detainer from New York was lodged.[3] Since ninety days is the maximum time that the Uniform Criminal Extradition Act provides for holding an individual for extradition, see 42 Pa. C.S.A. §§ 9136, 9138, this difference in the time period between *Brown* and the instant case is not significant. Thus we hold that *Brown* controls the instant case and the petition for a writ of habeas corpus was properly denied.

Order of the lower court granting extradition is affirmed. HESTER, J., files dissenting opinion.

HESTER, Judge, dissenting:

I respectfully dissent.

I am of the opinion that following the expiration of the original 30 day period, the Commonwealth lacked the authority required to detain the appellant.

Section 9136 of the Uniform Criminal Extradition Act, 42 Pa. C.S. of § 9121 et seq., permits the detention of an individual while awaiting extradition for a maximum period of 30 days.

While the "Act" does provide for a 60 day extension in the event there is delay in obtaining the proper documents, in this instance, I am of the Opinion that the Habeas Corpus relief requested by appellant should have been granted. At the time the Writ was filed the original 30 day period had not been extended.

3. The appellant was arrested for Pennsylvania charges on November 5. These charges were subsequently dismissed. In such a situation for purposes of computing the time limits of the Uniform Extradition Act, the time begins to run when a detainer is lodged. *Commonwealth ex rel. Knowles v. Lester*, supra. In the instant case the New York detainer was signed by New York authorities on November 16. The record is not clear as to when it was lodged. If we assume for purposes of analysis that the detainer arrived on November 17, the habeas corpus hearing of February 13 was held within ninety days.

In all criminal proceeding, it is fundamental that the Commonwealth possess proper authority to detain an individual accused of the commission of a crime. The only authority the Commonwealth had in this case was the original warrant ordering appellant be held for 30 days to await the extradition documents. When that period expired, so did the authority of the Commonwealth to detain appellant.

I would reverse and order appellant discharged.