418 So.2d 319 (1982)
Donald LEWIS a/k/a Donald Morris Rowell, Appellant,
v.
Eddie BOONE, As Sheriff of Leon County, Florida, Appellee.
No. AH-168.
District Court of Appeal of Florida, First District.
July 29, 1982.
Rehearing Denied September 1, 1982.
Glenna Joyce Reeves, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., Gregory C. Smith, Asst. Atty. Gen., for appellee.
WENTWORTH, Judge.
The appellant/petitioner appeals the circuit court's denial of his petition for writ of habeas corpus asserting detention in violation of § 941.14 et seq., Florida Statutes.[1] We affirm.
*320 Petitioner was arrested on August 13, 1981,[2] pursuant to the cited statute. On September 15, 1981, thirty two days after his initial arrest, he was served with a governor's warrant ordering his extradition to Nevada. At the hearing on the petition his attorney argued that the detention for more than thirty days, without recommitment, was illegal and that he was therefore entitled to immediate release. In rebuttal the state attorney introduced the requisition warrant and the governor's warrant as evidence of petitioner's lawful confinement. The trial court found that the warrants of extradition were facially proper and denied the petition.
Section 941.14 requires an accused to be promptly brought before a judge or magistrate, who may commit him for a period up to thirty days. That detention permits time for the procedures required for production of a governor's warrant. If the prisoner is not arrested under the governor's warrant within thirty days, he may be recommitted for up to sixty more days. § 941.17, Florida Statutes (1981). Since appellant was neither arrested within thirty days nor recommitted under § 941.17, he contends he is unlawfully confined and entitled to immediate release.
This appears to be a case of first impression in Florida, although we find some guidance in State v. Fulkerson, 300 So.2d 276 (Fla. 2d DCA 1974). In Fulkerson, the defendant had escaped from jail four days after he was served with an untimely governor's warrant. As a defense to the escape charge, Fulkerson argued that because he was held beyond the thirty-day limit in § 941.15, and was not recommitted under § 941.17, he was not in lawful custody at the time of the escape. The court rejected this argument, finding that once the governor's warrant had been served he was clearly in lawful confinement, which mooted the question of whether escape charges would otherwise be proper.
Other states have considered more particularly the issue raised by this case; i.e., whether a prisoner is entitled to habeas corpus relief when his arrest under the governor's warrant is untimely. Although there is some support for appellant's position,[3] we find that the greater weight of authority more logically holds that upon substantial compliance with the Uniform Interstate Extradition Act, when the prisoner has in fact been arrested under the governor's warrant prior to the habeas proceedings, he is not entitled to relief. See Cohen v. Warden, 252 F. Supp. 666 (D.Md. 1966); Quackenbush v. Fairchild, 291 Pa.Super. 358, 435 A.2d 1266 (1981); Quackenbush v. Fairchild, 291 Pa.Super. 209, 435 A.2d 872 (1981); Stynchcombe v. Whitley, 240 Ga. 776, 242 S.E.2d 720 (1978). We therefore conclude accordingly that in the circumstances of this case the petition for habeas corpus was properly denied.
AFFIRMED.
BOOTH and WIGGINTON, JJ., concur.
NOTES
[1] Section 941.14 of the Uniform Interstate Extradition Act provides:

941.14 Arrest without a warrant.  The arrest of a person may be lawfully made also by any peace officer or a private person, without a warrant upon reasonable information that the accused stands charged in the courts of a state with a crime punishable by death or imprisonment for a term exceeding 1 year, but when so arrested the accused must be taken before a judge or magistrate with all practicable speed and complaint must be made against him under oath setting forth the ground for the arrest as in the preceding section; and thereafter his answer shall be heard as if he had been arrested on a warrant.
[2] The record on appeal does not adequately reflect the date and statutory basis of the arrest. In this court, though not in the proceedings below, the state argues that this record deficiency is fatal to appellant's case. While we agree that the record could have been more fully compiled, we assume, as did the parties and the trial judge at the hearing, that the date and basis of appellant's confinement are as he has represented them.
[3] See Speaks v. McGregor, 355 F. Supp. 1129 (W.D.Va. 1973); Commonwealth ex rel. Coffman v. Aytch, 238 Pa.Super. 584, 361 A.2d 652 (1976), both of which involve substantial governmental infractions of the Uniform Extradition Act's time limits.