DANAHY, Judge.
By petition for writ of habeas corpus, appellant sought his release from custody of the Sheriff of Pinellas County. We conclude that appellant is not entitled to such relief. Therefore, we affirm the trial court’s order which denied the petition.
Appellant was arrested on a fugitive warrant issued by the trial court pursuant to extradition proceedings in Wisconsin. § 941.13, Fla.Stat. (1981). He was admitted to bail for the allowable thirty-day period to enable his arrest to be made under a warrant of the Governor of Florida. §§ 941.15, 941.16, Fla.Stat. (1981). Because no Governor’s warrant was issued during this thirty-day period, the trial court again admitted appellant to bail for the maximum sixty-day extension period. § 941.17, Fla.Stat. (1981).
After this extension period expired, appellant filed a petition for writ of habeas corpus which requested that the trial judge dismiss the action and discharge him. The trial judge “dismissed” the proceedings against appellant on the grounds that the Governor’s warrant had not been forthcoming within the maximum statutory ninety-day time period.
Two and one-half months later appellant was rearrested pursuant to a Florida Governor’s warrant issued for the purpose of extraditing him. Appellant filed another petition for writ of habeas corpus. The evidence offered in support of the petition showed that the Governor’s warrant had been issued upon the original demand for extradition rather than upon a new request for extradition after the “dismissal” of the original proceeding by the trial court. The petition for writ of habeas corpus was denied and this timely appeal followed.
Appellant argues that a second requisition from Wisconsin is necessary before he can be rearrested on a Florida Governor’s warrant of extradition. We do not agree. It is not logical to assume that in considering appellant’s initial habeas corpus petition, the trial court dismissed the entire extradition proceeding when it ordered in pertinent part: “[Tjhese proceedings against Defendant be and are hereby dismissed and the Warrant For Extradition discharged....”
First, dismissal of the entire proceeding would be improper since the authority to honor or reject an extradition demand lies solely with the Governor of Florida. §§ 941.02, 941.03, 941.04, 941.07, Fla.Stat. (1981); see also Orton v. State, 431 So.2d 236 (Fla. 1st DCA 1983). Second, the authority of the trial court is limited to issuance of a fugitive warrant for the accused who is then either committed to county jail or admitted to bail for a maximum period of ninety days to await the requisition and enable his expeditious arrest under a Governor’s warrant. §§ 941.-13, 941.15, 941.16, 941.17, Fla.Stat. (1981); see also Treadway v. Heidtman, 284 So.2d 473 (Fla. 4th DCA 1973).
For these reasons, we construe the language in the trial court’s order to mean *493 that the trial court, in compliance with section 941.17, Florida Statutes (1981), intended only to dismiss its own court proceedings and to discharge the fugitive warrant and bail bond which it had issued therein. Such a discharge from bond or custody does not mean dismissal of all extradition proceedings. Thus, appellant’s rearrest on a valid Governor’s warrant issued after such discharge is not barred. Orton; Moore v. State, 407 So.2d 991 (Fla. 3d DCA 1981).
Therefore, we conclude that in the circumstances of this case the trial court was correct in denying appellant’s petition for writ of habeas corpus.
AFFIRMED.
OTT, C.J., and SCHEB, J., concur.