Helen CARTER, Bondsman; Surety Insurance Company of California, Insurer; Thomas Oliver Phillips, Defendant, Appellants,

v.

The STATE of Oklahoma, Appellee.

No. 55926.

Supreme Court of Oklahoma.

Oct. 15, 1985.

Forest N. Simon, Oklahoma City, for appellants.

S.M. Fallis, Dist. Atty., James F. Raymond, Asst. Dist. Atty., Tulsa, for appellee.

LAVENDER, Justice:

Appellant Phillips, while incarcerated in Oklahoma County, was charged with being a fugitive from justice from the State of Kansas pursuant to the Uniform Criminal Extradition Act.[1] Appellant Phillips was released from confinement in Oklahoma County on bail on the posting of a bond with appellant Surety Insurance Company of California (Surety) as surety. The Oklahoma County release allowed Phillips to appear on a misdemeanor charge pending against him in Tulsa County. While in Tulsa, Phillips was again arrested and incarcerated as a fugitive under the Kansas charges.

The date of Phillips' arrest and arraignment in Tulsa County was February 22. On March 23, appellant Phillips was again brought before the trial court. At that time, upon motion of appellee for a continuance, Phillips was recommitted to confinement. In conjunction with this hearing, and again upon motion of appellee, a second appearance time was set for Phillips on May 25.

Between the March 23 and May 25 hearings, Phillips was successful in having his bail reduced to $25,000. Phillips was released upon bail on the posting of a bond on which appellant Surety again served as surety.

Phillips failed to appear for the May 25 hearing and the trial court set a subsequent date for a hearing on the forfeiture of the bond. On June 8, the bond was ordered forfeited and judgment entered to that effect on June 22. Appellant Surety subsequently sought the vacation of this bond forfeiture order on the ground that Tulsa County had no authority to file a fugitive from justice charge against Phillips while Phillips was under the same charge in Oklahoma County.

The trial court rejected Surety's argument and entered judgment for appellee. Surety and the other parties to the bond appeal from this judgment, arguing again that appellee lacked authority to rearrest Phillips in Tulsa County when he was on bail from Oklahoma County on that same charge. Additionally, Surety raises arguments dealing with the trial court's authority to require Phillips' appearance outside the time limits set by the Uniform Criminal Extradition Act.

I.

 The argument presented by Surety to the trial court, and again presented on appeal, to the effect that appellee lacked authority to institute the second proceeding in Tulsa County and thus to require a second bond, is without merit. The pendency of an action and the holding of a defendant

1. 22 O.S.1971 §§ 1141.1 through 1141.30.

for trial in one court of the state, even on criminal charges accusing the defendant of the commission of a crime, does not preclude the state from instituting another prosecution for the same offense in a court of concurrent jurisdiction.[2]

## II.

 Citing the provisions of 59 O.S. Supp.1976 § 1332,[3] appellee objects to the consideration on appeal of any grounds for reversal not presented to the trial court. Recognizing the merits of the reasoning restricting appellants' arguments to areas presented to the trial court, we note their inapplicability in the present case where the additional arguments presented on appeal deal with the trial court's authority to enter the order forfeiting the bond in question. Such a question dealing with a fundamental issue in any case may be, and must be, inquired into and answered by the Court on appeal, both as to appellate authority and to the trial court's authority.[4] This is true regardless of whether such questions are raised by the parties.

## III.

The argument as to the court's statutory authority presented by Surety revolves around the time limitations set out in the Uniform Criminal Extradition Act. Two of the provisions of the Act deal with the time limits at issue here. 22 O.S.1971 § 1141.15, provides:

If from the examination before the judge or magistrate, it appears that the person held is the person charged with having committed the crime alleged and, except in cases arising under Section 6, that he has fled from justice, the judge or magistrate must, by a warrant recit-

ing the accusation, commit him to the county jail for such a time not exceeding thirty (30) days and specified in the warrant, as will enable the arrest of the accused to be made under a warrant of the Governor on a requisition of the executive authority of the state having jurisdiction of the offense, unless the accused give bail as provided in the next section, or until he shall be legally discharged.

Section 1141.17, provides:

If the accused is not arrested under warrant of the Governor by the expiration of the time specified in the warrant or bond, a judge or magistrate may discharge him or may recommit him for a further period not to exceed sixty (60) days, or a judge or magistrate may again take bail for his appearance and surrender, as provided in Section 16, but within a period not to exceed sixty (60) days after the date of such new bond.

The substance of Surety's argument is that these provisions of the Act provide the authority to the trial court to order the restraint of an accused for up to 90 days awaiting the issuance of the Governor's warrant. Thus, Surety argues the order of the trial court requiring Phillips' appearance on the fugitive charges some 92 days following his initial commitment was beyond the authority of the trial court.

While it has been held in some other jurisdictions that the passage of the time limitation does not affect the authority of *the Governor* to later issue the Governor's warrant responsive to a requisition from another state,[5] that issue is not before us here. We are here concerned only with the authority of the detaining court to continue

---

**2.** *Norris v. State,* 68 Okl.Cr. 172, 96 P.2d 540 (1939).

**3.** Which provides, in pertinent part:
In the event of the forfeiture of a bail bond the clerk of the trial court shall notify the bondsman on said bond who may, within sixty (60) days from the date of such notice, file with the court a motion to set aside the order of forfeiture which motion shall contain the grounds upon which it relies....

**4.** *Pointer v. Hill,* 536 P.2d 358 (Okla.1975).

**5.** See e.g. *Carter v. Coleman,* 443 So.2d 491 (Fla.Ct.App.1984); *Lewis v. Boone,* 418 So.2d 319 (Fla.Ct.App.1982); *People v. Nenna,* 53 Misc.2d 525, 279 N.Y.S.2d 324 (1965); *Commonwealth ex rel. Quackenbush v. Fairchild,* 291 Pa.Super 358, 435 A.2d 1266 (1981); *Brightman v. Withrow,* 304 S.E.2d 688 (W.Va.1983).

to exercise its authority beyond the statutory ninety days.

 Under sections 1141.15 and 1141.17 cited above it is clear that the trial court is granted authority to restrain an accused's actions for up to 90 days while awaiting a Governor's warrant. Thus the direction to Phillips requiring his appearance more than 90 days from the date of his initial confinement was on its face in excess of the trial court's statutory authority.

 The Florida Court of Appeals,[6] in construing the Uniform Criminal Extradition Act as adopted in that state,[7] interpreted the thirty and sixty day provisions contained in our sections 1141.15 and 1141.17 to require that the accused be discharged from custody or bond upon the expiration of the 90 day period, if at the end of that time the accused has not been arrested on the Governor's warrant. We believe the Florida interpretation is correct and applicable to the law as adopted in Oklahoma.

 Thus Phillips was released from bond by operation of law upon the ninetieth day. The proceedings of the trial court regarding the bond in this case reflect that the trial court was without authority to order the forfeiture of the bond.

The trial court's action in ordering the forfeiture of the bond was beyond its statutorily granted power or authority. Surety's subsequent motion to vacate the bond forfeiture should have been granted, regardless of the reasons stated in that motion. Accordingly, the ruling of the trial court denying this motion and entering judgment for appellee is REVERSED.

SIMMS, C.J., DOOLIN, V.C.J., and OPALA, KAUGER and SUMMERS, JJ., concur.

HODGES, HARGRAVE and WILSON, JJ., dissent.

---

**6.** *Orton v. State, 431 So.2d 236 (Fla.Ct.App.1983).* **7.** Fla.Stat. §§ 941.01 through 941.30.