No. 88-89

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

---

STATE OF MONTANA,

        Plaintiff and Appellant,

-vs-

TIMOTHY JOHN CAMPBELL,

        Defendant and Respondent.

---

APPEAL FROM:  District Court of the Eighteenth Judicial District,
In and for the County of Gallatin,
The Honorable Thomas Olson, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Hon. Mike Greely, Attorney General, Helena, Montana
        Barb Claassen, Asst. Atty. General, Helena
        A. Michael Salvagni, County Attorney, Bozeman, Montana
        Marty Lambert, Deputy County Atty., Bozeman

    For Respondent:

        Larry Jent, Bozeman, Montana

---

Submitted on Briefs:  June 22, 1988

Decided:  September 12, 1988

Filed: SEP 1 2 1988

*Ethel M. Harrison*

---
Clerk

Mr. Justice L. C. Gulbrandson delivered the Opinion of the Court.

The State of Montana (State), appeals an order of the Eighteenth Judicial District Court, Gallatin County, dismissing a fugitive warrant issued on Timothy Campbell (Campbell), defendant/respondent, and the court's quashing of a writ of extradition. We reverse.

The issue presented by the State is whether the District Court improperly dismissed the extradition proceedings?

A stipulation of facts is attached to the State's brief. According to this stipulation, Campbell was charged in the Eighteenth Judicial District Court on a "Complaint for Fugitive Warrant" on September 11, 1987. The complaint stated Campbell was charged in the state of Wisconsin with feloniously and intentionally failing to return rented personal property. Campbell made an initial appearance on September 14, 1987, posted bail and was released. Campbell was advised of his rights to petition the court for a writ of habeas corpus and to refuse to waive extradition to Wisconsin. Campbell refused to waive extradition at that time.

On October 16, 1987, a 30-day extension was granted by the District Court because the necessary extradition papers had not yet been processed. The Governor of the State of Montana signed a Governor's Warrant for extradition on October 30, 1987, commanding that Campbell be apprehended on the original theft charges and additional charges of carrying a concealed weapon, reckless use of a weapon, and possession of tetrahydrocannabinol.

On November 16, 1987, Campbell and his attorney appeared at the hearing held pursuant to the 30-day extension granted October 16, 1987. The District Judge directed that

2

the Governor's Warrant be served on the defendant and that the State of Wisconsin pick him up no later than one week from that date. The record reflects the following: that the Governor's Warrant was served upon the defendant at the November 16 hearing in compliance with the court's order; that Campbell was allowed to remain free on bail; and, the sheriff's return of service of the warrant was filed with the clerk.

Paragraph seven of the stipulation of facts states:

> Defense counsel . . . was out of town during the week of November 22 through 29, 1987. Because the defendant was released on bail, the Gallatin County Sheriff's office did not know the whereabouts of the defendant. [Defense counsel's] secretary would not divulge the defendant's address to the sheriff's office.
>
> Upon being told that the defendant was not in custody, and that the Gallatin County Sheriff could not guarantee that the defendant would appear on November 23, 1987, the Wisconsin authorities sent no one to Montana to pick up the defendant . . . (Emphasis added.)

The above time sequence is important because on November 16, 1987, the District Court stated Campbell had to be extradited by the Wisconsin authorities within a week.

At a November 23, 1987 meeting in the District Court chambers, acting defense counsel, since regular counsel was unavailable, made a motion to dismiss the proceedings. The court denied the motion. Nonetheless, the District Court informed the parties that the states of Montana and Wisconsin would have one more opportunity to extradite Campbell and that it would dismiss the extradition proceedings and Campbell would be released if extradition was not completed. The District Court did not state a specific time limit. On

3

December 14, 1987, the County Attorney sent a letter to defense counsel which stated:

> The Sheriff has made arrangements with agents from the State of Wisconsin concerning Campbell. The Wisconsin authorities will be here on Wednesday, December 30, 1987, at 10:00 a.m., to take Campbell into custody.
>
> If you are still in contact with Campbell, please advise him concerning this date. If you are not in contact with Campbell, please advise the court so that other arrangements can be made.
>
> I trust that no further arrangements concerning this extradition will be necessary.

On December 29, 1987, Campbell formally moved the court for an order dismissing the fugitive warrant on grounds that the statutory time limit had expired pursuant to § 46-30-304, MCA. On December 30, 1987, Campbell again appeared before the court. On this date a police officer from Wisconsin was present in the courtroom for the purpose of returning Campbell to Wisconsin. However, rather than releasing Campbell to the Wisconsin authorities, the court made the following statement:

> THE COURT: Well, I don't know if I've got the authority to do it, but I'm going to dismiss the matter and discharge the Defendant and quash the writ of extradition on the basis that the State of Montana and the State of Wisconsin have consistently failed to comply with Court orders about getting this Defendant out of here.
>
> For example, on September 14, 1987, I gave the State 30 days within which to extradite the Defendant. They came before me on October 16 and had not extradited him. I gave them another 30 days. On November 16 they came before me and still had not extradited him. I gave

4

> them 7 days to get him out of here, and
> it's December 30 now. They still haven't
> extradited him.
>
> You can take this matter up to the
> Supreme Court and get a writ of
> supervisory control or whatever you think
> empowers the States of Montana and
> Wisconsin to jack a defendant around like
> this.
>
> Let him go.

The District Court also ordered exoneration of Campbell's bail.

The District Court made no findings of fact or conclusions of law and from the bench dismissed the matter, discharged the defendant, and quashed the writ of extradition. It is from this ruling that the State appeals. The State timely filed a notice of appeal on January 13, 1988. The State requests this Court reverse the District Court and declare the Governor's Warrant effective.

The State contends the District Court was required to honor the Governor's Warrant once it was issued under the Uniform Criminal Extradition Act. Section 46-30-101, et seq., MCA. The State claims Campbell was not arrested on the Governor's Warrant and therefore no time limitation ever began to run. Campbell's claim is that he was not extradited within the time period prescribed in § 46-30-304, MCA. This section, read along with § 46-30-302, MCA, allows a 90-day time period that a party may be held in custody or on bond prior to discharge and a release from bail.

This 90-day limit was addressed by this Court in Petition of Blackburn (Mont. 1985), 701 P.2d 715, 42 St.Rep. 525. In Blackburn, petitioner argued that Part 3 of Chapter 30, Title 46, MCA, imposed time limits on the issuance of the Governor's Warrant. We held "the time limits in section 46-30-302 and -304 refer only to the length of detention

5

permitted before an accused person must be released from custody in the asylum state" and that "[t]hese sections do not require dismissal of extradition proceedings for any supposed time limits on issuance of the Governor's Warrant." Blackburn, 701 P.2d at 719.

Campbell claims he was arrested on the Governor's Warrant on November 16, 1987, when he was served with the document at the hearing. Campbell therefore argues that the issue before this Court should be whether the District Court could release Campbell because the state of Wisconsin failed to physically transport him back to Wisconsin. Campbell claims Article IV, Section 2 of the United States Constitution controls in this instance. Campbell is correct that this section is applicable as it states:

> A person charged in any State with Treason, Felony, or other Crime, who shall flee from Justice, and be found in another State, shall on demand of the executive Authority of the State from which he fled, be delivered up to be removed to the State having Jurisdiction of the Crime.

U.S.Const. art. IV, § 2.

Campbell argues he should have been released because the Wisconsin authorities did not pick him up within 30 days after the Governor's Warrant was served upon him and he became "arrested." He claims the controlling federal law under 18 U.S.C. § 3182 mandates that "[i]f no such agent appears within thirty days from the time of the arrest, the prisoner may be discharged." (Emphasis added.) Therefore, Campbell claims, the District Court had the jurisdiction and authority to dismiss this case. We disagree. The court could discharge Campbell, if he was detained, or release him from bail in this instance, but the 30-day provision does not allow dismissal of the proceedings nor does it grant the court the ability to quash a writ of extradition.

6

Campbell recognizes that the authority is split as to whether the 30-day provision of 18 U.S.C. § 3182 is mandatory or provisional. See generally, Long v. Cauthron (Ark.App. 1987), 731 S.W.2d 792; State v. Paskowski (Tenn.Cr.App. 1983), 647 S.W.2d 238; People v. Superior Court (Lopez) (Cal. 1982), 182 Cal.Rptr. 132 (cases holding the 30-day limit in 18 U.S.C. § 3182 is discretionary and not a mandatory "may discharge" on the court), and contra, Hill v. Roberts (1978), 359 So.2d 911 (case holding word "may" in provision of 18 U.S.C. § 3182 is mandatory, although the 30-day period is tolled for any delay attributable to fugitive).

In this instance, Campbell claims none of the delay is attributable to him. We note, nonetheless, that Campbell could not be located on November 23, 1987 and it was because of this inability that the Gallatin County Sheriff informed the Wisconsin authorities not to come to Montana. To some extent, this delay can therefore be attributed to Campbell.

A district courts' power of inquiry with regard to extradition proceedings is limited. The court can determine whether the documents are in order on their face; whether the petitioner was charged with a crime in the demanding state; whether petitioner is the person named in the extradition request; and whether petitioner is a fugitive. Blackburn, 701 P.2d at 717.

Here, the District Court summarily dismissed the extradition proceedings. The case of Carter v. Coleman (Fla.App. 1984), 443 So.2d 491, is instructive in this instance. The Carter court stated:

> [D]ismissal of the entire proceeding [is] improper since the authority to honor or reject an extradition demand lies solely with the Governor . . . (Citations omitted.)

. . .

7

> [W]e construe the language in the trial
> court's order to mean that the trial
> court . . . intended only to dismiss its
> own court proceedings and to discharge
> the fugitive warrant and bail bond which
> it had issued therein. Such a discharge
> from bond or custody does not mean
> dismissal of all extradition proceedings.
> Thus, appellant's rearrest on a valid
> Governor's warrant issued after such
> discharge is not barred. (Citation
> omitted.)

Carter, 443 So.2d at 492-493.

The Governor's Warrant was legally effective on December 30, 1987, even though the 30-day limit had expired.

Our holding today is in accord with numerous states which have held that the time period involved in extradition proceedings is not mandatory but discretionary. Long, supra; Paskowski, supra; People v. Superior Court (Lopez), supra.

In Stynchcombe v. Whitley (Ga. 1978), 242 S.E.2d 720, 721-722, the purpose behind the extradition statutes is stated in a situation similar to what we are faced with in this case. In Stynchcombe, 242 S.E.2d at 721, the court citing People ex rel. Gummow v. Larson (Ill. 1966), 220 N.E.2d 165, stated:

> "The purpose of these sections of the
> extradition law is to prevent
> unreasonably lengthy periods of
> confinement of fugitives pending
> consummation of extradition proceedings
> by the demanding state (citations). . . "

The court further stated in Stynchcombe, 242 S.E.2d at 722, citing In re Colasanti (N.J. 1969), 249 A.2d 1:

> "The sections only limit the time during
> which one arrested as a fugitive may be
> kept in jail (or on bail in lieu thereof)
> pending the completion of extradition
> proceedings and the issuance of the
> governor's arrest warrant."

8

Our extradition statutes have the purpose of allowing the accused to be held in jail, or on bail as in this case, after the initial charge while awaiting the Governor's Warrant. Additionally, the time limitations stated in the statutes suggest that the fugitive not be detained for an undue or unreasonable length of time. Accord, Breckenridge v. Hindman (Kan.App. 1984), 691 P.2d 405; Application of Dunster (N.J. 1974), 328 A.2d 238. Here, Campbell was not detained or incarcerated but instead was free on bail.

The court should not have discharged the defendant where the more reasonable approach, since all parties were finally present before the court including the Wisconsin authorities, would have been to deliver the fugitive according to the Governor's Warrant. The court did not have authority to quash the writ of extradition and the warrant was valid on that date.

We reverse the oral order of the District Court quashing the writ of extradition.

_____
Justice

We concur:

_____
Chief Justice

_____

_____
Justices

9

Mr. Justice John C. Sheehy, dissenting:

I dissent.

It is apparent from the record that the District Judge in this case became properly impatient with the unexplained delay of the Wisconsin authorities to consummate an arrest of the defendant under the Governor's warrant. His court was being played with, the defendant's rights were being ignored, and there is considerable doubt under the statutes of Montana and the federal laws that he had any further jurisdiction to hand over the defendant to Wisconsin.

The majority have misread or misinterpreted the applicable statutes here. The authority for Montana officials to arrest a defendant wanted in another state for a crime is found in § 46-30-227, MCA. If the defendant does not consent to extradition, he must be committed to the county jail for not exceeding 30 days or admitted to bail, § 46-30-302, MCA, to provide time to obtain a requisition from the demanding state. Upon receipt of the requisition, the Governor of this state may then issue an arrest warrant against the defendant. Section 46-30-213, MCA. The 30-day period is a limitation upon the power of Montana to hold the defendant without a requisition from the demanding state when Montana proceeds against him under § 46-30-227, MCA.

In this case, the warrant from the Governor was not issued within the 30-day period. Campbell first appeared before the court on September 14, 1987, and the warrant of the Governor was not obtained until October 30, 1987. Yet the state had a statutory means to continue to hold the defendant under bail. It could have, under § 46-30-304, MCA, moved the District Court for an additional 60 days. The

10

defendant was entitled to his release at the end of that period or on November 13, 1987.

The state itself maintains that the defendant was never arrested under the Governor's Warrant, only that he was served with a copy of it. Yet an arrest under the Governor's warrant is the sine qua non of extradition proceedings. Only the Governor has the statutory power to issue a warrant of arrest which will result in the delivery of a defendant to another state's jurisdiction. Section 46-30-201, MCA. Since no arrest occurred under the Governor's Warrant, the defendant was clearly entitled to be discharged from custody at the expiration of the time extended by the District Court.

It is true that in this case the District Court stated it would quash the writ of extradition. Of course, the District Court had no such power. Yet discharging the defendant from custody in this case was proper. The defendant had not been arrested under the authority of the Governor's warrant within the time permitted by the statutes. If the argument of the State is correct, the defendant was never arrested under the Governor's warrant. The defendant was clearly entitled to be released from custody and his bond discharged.

Finally, nothing in this case prevents the state of Wisconsin from starting over and doing it right. This is the course that should have been followed here.

_____
Justice

11