433 A.2d 83

**COMMONWEALTH of Pennsylvania,**

v.

**Richard Scott HEILMAN, Appellant.**

Superior Court of Pennsylvania.

Argued March 17, 1980.

Filed July 31, 1981.

Petition for Allowance of Appeal Denied Sept. 28, 1981.

John O'Rourke, Norristown, for appellant.

Mary Ann Killinger, Assistant District Attorney, Norristown, for Commonwealth, appellee.

Before PRICE, CAVANAUGH and WATKINS, JJ.

WATKINS, Judge:

This case comes to us on appeal from the Court of Common Pleas of Montgomery County, Criminal Division, and involves the defendant-appellant's appeal from an order of the court below denying defendant's Habeas Corpus Petition.

The defendant was arrested on April 13, 1979 as a fugitive from justice from Clay County, Minnesota. He was incarcerated in the Montgomery County prison. On May 9, 1979 the Commonwealth filed a Petition for an Extension of Time to obtain the Governor's Warrant. The Commonwealth was granted its request after a hearing on May 11, 1979. The defendant was released on bail but was rearrested on June 14, 1979. The defendant filed a Writ of Habeas Corpus on June 19, 1979. On June 25, 1979 the court below, after a hearing, denied defendant's petition but stayed the extradition proceeding pending the completion of this appeal.

The defendant argues that the court below erred when it granted the Commonwealth's petition to extend the time in which to obtain the Governor's Warrant. Under the Uniform Criminal Extradition Act a fugitive from another state may be committed to a county jail for a period not to exceed thirty (30) days so that the arrest of the fugitive can be made under a warrant of the Governor as a requisition of the executive authority of the State having jurisdiction of

the offense. *42 Pa.C.S.A. 9136.* If the accused is not arrested under warrant of the Governor by the expiration of the time specified in the warrant or bond the issuing authority may discharge him or may recommit the accused for an additional period not to exceed sixty (60) days. *42 Pa.C.S.A. 9138.* At the May 11, 1979 hearing held on the Commonwealth's petition to extend the time period an Assistant District Attorney stated that Governor Thornburgh's office had not received the extradition papers from the Minnesota Governor's office and that it would be two weeks until the papers were received. The court then granted the Commonwealth's request. The defendant contends that his due process rights were violated because "there was no proof that the District Attorney's office had not yet received the arrest warrant from the Governor's office." The defendant argues that the only evidence of this is the hearsay testimony of the Assistant District Attorney. He also argues that there was no evidence presented which linked the defendant with the crime.

▪ The purpose of the thirty-day rule with respect to extradition proceedings is to prevent a person from languishing in jail without judicial supervision. *Commonwealth v. Murphy*, 236 Pa.Super. 37, 344 A.2d 662 (1975). So long as this purpose is accomplished we will not reverse a lower court's granting of an extension of time in which to proceed with the governor's warrant. The Act provides for a ninety day period during which an accused may be held in custody pending the extradition papers. The first thirty days are provided to the Commonwealth so that the proper documents may be received from the demanding state. If they are not received during that time the Commonwealth must request permission from the magistrate or judge to extend the time for the additional sixty days. Thus the first thirty days are provided to the Commonwealth as a matter of right; the additional sixty days are to be provided to the Commonwealth only upon application to a court. *Commonwealth ex rel. Myers v. Case*, 250 Pa.Super. 242, 378 A.2d 917 (1977). However, the court, in exercising its discretion

whether to grant the Commonwealth the additional sixty days, need not hold a full evidentiary hearing on the defendant's guilt or innocence, or the admissibility of the evidence, or other issues which will be properly raised in the demanding state. The only issue to be determined at such a hearing is whether the defendant is needlessly "languishing in jail". We hold that the testimony of the Assistant District Attorney in the instant case was sufficient to enable the court below to conclude that the extradition documents were "in the works" and that the defendant was not needlessly languishing in jail.

The defendant also contends that the lower court improperly denied the defendant the right to inquire into the probable cause for the issuance of the search warrant and the arrest of the defendant by the Clay County Minnesota authorities. During the questioning of the deputy sheriff of Clay County, Minnesota, the defendant's counsel asked the sheriff on what basis he (the deputy sheriff) considered the informant upon whose testimony the search warrant which led to the defendant's arrest was based to be reliable. The Commonwealth objected to this testimony and the court sustained the objection. The court ruled that the issue of probable cause for the issuance of the search warrant should be raised in the demanding state and not the asylum state. We agree. In extradition proceedings claims of procedural improprieties allegedly occurring in the demanding state will not be considered in the asylum state. *Commonwealth ex rel. Colcough v. Aytch*, 227 Pa.Super. 527, 323 A.2d 359 (1974). Specifically, the issue of whether there was sufficient probable cause for the issuance of a search warrant in the demanding state is not a proper subject for determination in the asylum state. See *Commonwealth ex rel. Marshall v. Gedney*, 478 Pa. 299, 386 A.2d 942 (1978). Thus, the court below properly denied the defendant's Habeas Corpus petition.

Order affirmed.