504 A.2d 329

**COMMONWEALTH of Pennsylvania**

v.

**Eugene A. STORMS, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 26, 1985.

Filed Jan. 31, 1986.

Michael R. Lynn, Bloomsburg, for appellant.

Elwood R. Harding, Jr., District Attorney, Bloomsburg, for Com., appellee.

Before BROSKY, JOHNSON and HESTER, JJ.

HESTER, Judge:

This is an appeal from an extradition order. We reject appellant's contention that his confinement was not in accordance with the Uniform Criminal Extradition Act, 42 Pa.C.S. § 9121 et seq., and affirm.

Appellant was arrested on January 10, 1985, and a criminal complaint was issued charging him with being a fugitive from justice from New York. A timely preliminary arraignment was held and appellant was incarcerated in Columbia County Prison in lieu of $50,000 bail.

On January 29, 1985, while appellant was still incarcerated on the above charge, he was charged with theft of services in Columbia County, Pennsylvania. Unable to post $10,000 bail on the theft charge, he was returned to prison.

Appellant was held on the fugitive charge for the maximum ninety-day period permitted under the extradition act. On April 10, 1985, the ninety-first day of his imprisonment as a fugitive, appellant was discharged by writ of habeas corpus, for the State of New York had failed to file the necessary extradition documents. Appellant remained incarcerated, however, on the Columbia County theft charge.

Later the same day, appellant was rearrested on a Governor's warrant dated April 9, 1985. A preliminary arraignment followed, bail was set at $100,000, and appellant was returned to prison, unable to post bond.

An extradition hearing was held on June 4, 1985. On June 13, the court ordered appellant's extradition to New York, holding that the requirements of the extradition act had been satisfied.

▮ Appellant's sole contention is that following arrest and imprisonment as a fugitive from justice under the extradition act, he must be arrested on a Governor's warrant within ninety days, and if the arrest on the Governor's warrant does not occur within the ninety-day period, his rights under the act have been violated, mandating his discharge. He relies on language in *Commonwealth ex rel. Coffman v. Aytch*, 238 Pa.Super. 584, 587, 361 A.2d 652, 654 (1976), which stated that production of a Governor's warrant was required within ninety days of arrest on a detainer. We believe that appellant misapprehends the provisions of the extradition act. The ninety-day period in the act merely limits the time an accused may be incarcerated while awaiting a Governor's warrant; it does not require that a Governor's warrant issue within the ninety-day period.

This appeal is controlled, instead, by *Commonwealth ex rel. Holcombe v. Strode*, 266 Pa.Super. 39, 43, 402 A.2d 1067, 1068 (1979). This court reiterated the well-settled law that when a defendant has been held on detainer or warrant and is discharged, there is no prohibition against rearrest on a new warrant, quoting *Commonwealth ex rel. Coffman v.*

*Aytch, supra.* We affirmed the extradition of Holcombe, who had been discharged from the initial complaint, albeit momentarily, and rearrested upon the filing of a new complaint on the same day he was discharged. *Commonwealth v. Holcombe v. Strode, supra,* 266 Pa.Superior Ct. at 44, 402 A.2d at 1069. We see no ground to distinguish appellant's case from *Holcombe.*

■ Appellant was discharged on April 10, 1985, immediately after the expiration of ninety days of imprisonment on a fugitive complaint, as was proper under the extradition act. He remained in custody pursuant to other charges, however, and was rearrested the same day on a new warrant dated the previous day. This procedure simply did not violate the extradition act.

*Commonwealth ex rel. Coffman v. Aytch, supra,* upon which appellant relies, is distinguishable in two respects. First, Coffman had never been discharged from the detainer under which he was in custody and hence could not be "rearrested" on the extradition matter. Second, no new warrant was obtained for Coffman's arrest, but he was instead held on an eight-month-old Governor's warrant. Neither of these grounds for Coffman's discharge is applicable to appellant.

We thus affirm the extradition order of June 13, 1985.