## Commonwealth v. Olson

*Patricia Barich* and *James P. Epstein, assistant district attorneys,* for the commonwealth.
*James M. Goodwin,* for defendant.

ACKER, *P.J.,* May 20, 1987—We have for consideration a petition for writ of habeas corpus. Defendant, Larry D. Olson, is a resident of 4 Kilbourne Road, Greenville, Merer County, Pa.

On March 2, 1987, he was arrested without a warrant, being wanted in the state of New York for burglary and sexual misconduct. The arrest was pursuant to the provisions of the Act of 1976, July 9, P.L. 586, [42 Pa.C.S. §9135]. Defendant had a preliminary arraignment on March 2, 1987, before a district magistrate and a hearing was scheduled for March 30, 1987. Bail was set at $5,000 and Pearl Adams, an aunt of defendant, pledged her property at 4 Kilbourne Road, Greenville, Mercer County, Pa.

There is a requirement under section 9136 of 42 Pa.C.S. that if a defendant held is the person charged with the crime in a demanding state, the judge or issuing authority must, by a warrant reciting the accusation, commit him to the county jail for such time, not exceeding 30 days, and specified in the warrant, as will enable the arrest of the accused to be made under a warrant of the governor on a requisition of the executive authority of the state having jurisdiction of the offense unless the accused gives bail as provided in section 9137 as occurred in this case.[1]

---

1. If this defendant had been committed to jail, and more than 30 days had passed without a recommitment for a period not to exceed 60 days [42 Pa.C.S. §9138], a hearing is required before the accused may be recommitted for the additional peroiod. See *Commonwealth ex rel. Quackenbush v. Fairchild,* 291 Pa. Super. 358, 435 A.2d 1266 (1981); *Commonwealth v. Quackenbush,* 291 Pa. Super. 209, 435 A.2d 872 (1981); *Com-*

The issue is whether the requirements of a hearing are also applicable where a defendant is free on bail. There is no appellate court decision directly on point, but the appellate courts have assumed there is such an obligation. In *Commonwealth v. Brown*, 281 Pa. Super. 31, 421 A.2d 1131 (1980), defendant was arrested and arraigned as a fugitive on December 15, 1978. He was released on bail on that same day. On February 2, 1979, he filed a petition for writ of habeas corpus. The hearing was held on February 12, 1979, when the commonwealth introduced as exhibits both the requisition papers from the demanding state and the Pennsylvania governor's warrant. No 30-day hearing had taken place and there had been no extension of time under section 9138 of the Extradition Act. The Superior Court declared:

"[W]e will assume, as we have in the past, that the 30-day rule applied in *Knowles [Commonweatlh ex rel v. Knowles v. Lester* 456 Pa. 423, 321 A.2d 637 (1974)]* applies to a case where, as here, the suspected fugitive has been admitted to bail. See *Commonwealth v. Rowe*, 264 Pa. Super. 67, 398 A.2d 1060 (1979)."[2]

Because the commonwealth produced the requisition papers and the governor's warrant at the habeas corpus hearing held less than two months after defendant's arrest, habeas corpus relief was held

---

*monwealth ex rel. Colbert v. Aytch,* 246 Pa. Super. 278, 369 A.2d 1321 (1976), affirmed, 478 Pa. 314, 386 A.2d 950 (1978).

2. In *Commonwealth ex rel. Knowles v. Lester,* 456 Pa. 423, 321 A.2d 637 (1974), defendant was held in custody on a fugitive detainer for 140 days before being arraigned. The Superior Court declared that the clear intent of section 15 of the Uniform Criminal Extradition Act (42 Pa.C.S. §9136) is that an alleged fugitive may not be committed for more than 30 days while awaiting the warrant of the governor.

not to be warranted.

The purpose of the 30-day rule with respect to extradition proceedings has been declared to prevent an accused person from languishing in jail without judicial supervision. *Commonwealth v. Heilman,* 289 Pa. Super. 314, 433 A.2d 83 (1981); *Commonwealth v. Murphy,* 236 Pa. Super. 37, 344 A.2d 662 (1975).

Although there may not be the immediate need for speedy determination where a defendant is on bond rather than where he is incarcerated, there must be some limitation as to how long a demanding state has to produce the necessary request to the state in which defendant is then subject to bond. In the absence of any other clear indication of how long that period should be, we accept the 30-day period as appropriate.[3]

A technical or formal objection will not invalidate an extradition proceeding. *Commonwealth v. Quackenbush,* supra; *Commonwealth ex rel. Myers v. Case,* 250 Pa. Super. 242, 378 A.2d 917 (1977); *Commonwealth ex rel. Simpson v. Aytch,* 247 Pa. Super. 340, 372 A.2d 861 (1977). If at a habeas corpus hearing, the necessary papers are produced and a governor's warrant shown, it would be regarded as being adequate. *Commonwealth ex rel. Quackenbush v. Fairchild,* supra; *Commonwealth v. Brown,* supra.

---

3. The mere fact that the 30-day period has been exceeded does not necessarily mean that defendant is to be discharged. Unless there is a *Knowles* violation, habeas corpus relief should be granted only after the expiration of the prescribed period of 30 days and before a governor's warrant is executed. *Commonwealth ex rel. Quackenbush v. Fairhcild,* supra; *Commonwealth ex rel. Holcombe v. Strode,* 266 Pa. Super. 39, 402 A.2d 1067 (1979).

Even though the arrest is dismissed, there is no prohibition against the commonwealth re-arresting defendant on a new criminal complaint or warrant. The dismissal of extradition proceedings will not bar subsequent re-arrests in a hearing on the same fugitive charges. *Commonwealth ex rel. Berry v. Aytch,* 253 Pa. Super. 312, 385 A.2d 354 (1978); *Commonwealth ex rel. Douglass v. Aytch,* 225 Pa. Super. 195, 310 A.2d 313 (1973). Nor will the withdrawal of one fugitive complaint prevent the initiation of a second fugitive complaint. *Commonwealth ex rel. Holcombe v. Strode,* supra; *Commonwealth v. Storms,,* 350 Pa. Super. 228, 504 A.2d 329 (1986). In *Commonwealth v. Storms,* supra, defendant was held on a fugitive charge for the maximum 90-day period. On the 91st day of his imprisonment as a fugitive, he was discharged by a writ of habeas corpus because the demanding state had failed to file the necessary extradition documents. Defendant, however, remained incarcerated on a previous charge. Later on that same 91st day, defendant was re-arrested on a governor's warrant. It was contended by defendant on appeal that the extradition act requires that defendant be arrested within 90 days on the governor's warrant and that he is not properly arrested if it does not occur within that time. The Superior Court stated:

". . . [A]ppellant misapprehends the provisions of the extradition act. The 90-day period in the act merely limits the time an accused may be incarcerated while awaiting a governor's warrant; it does not require that a governor's warrant issue within the 90-day period." Id. at 230, 504 A.2d at 330.

Hence, we enter the following

### ORDER

And now, on this May 20, 1987, it is hereby ordered and decreed that defendant, Larry D. Olson,

is released from the bail as set in this case in the amount of $5,000 and that his bailsperson is released from further responsibility upon the $5,000 bail previously posted, and that defendant is released from the arrest of March 2, 1987, but with the right of the commonwealth to re-arrest defendant for the offenses allegedly committed in the state of New York which were the subject of this order.