No. 90-382

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

STATE OF MONTANA,

    Plaintiff and Appellant,

    v.

MARY GAYNELL HOLLIMAN,

    Defendant and Respondent.

FILED

JAN 22 1991

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Eighteenth Judicial District,
In and for the County of Gallatin,
The Honorable Larry W. Moran, Judge presiding.


COUNSEL OF RECORD:

    For Appellant:

        Mike Salvagni, County Attorney, Bozeman, Montana;
Marty Lambert, Deputy County Attorney, Bozeman,
Montana; Marc Racicot, Attorney General, Helena,
Montana; Kathy Seeley, Assistant Attorney General,
Helena, Montana

    For Respondent:

        Marcelle Quist, Bolinger & Quist, Bozeman, Montana


Submitted on briefs: December 13, 1990

Decided: January 22, 1991

Filed:

Clerk

Justice William E. Hunt, Sr. delivered the Opinion of the Court.

The State of Montana appeals from an order of the Eighteenth Judicial District Court, Gallatin County, quashing and vacating a governor's warrant issued on defendant Mary Gaynell Holliman. We reverse.

The issue presented by the State is whether the District Court improperly quashed and vacated the governor's warrant issued in proceedings to extradite Holliman.

On January 30, 1990, the State filed a fugitive complaint against Holliman. The complaint stated that she was charged in the State of Mississippi with the crime of "uttering a forgery." On January 31, 1990, Holliman appeared in District Court on the fugitive complaint. The court set bail at $2,000 and appointed an attorney to represent Holliman.

At the same time, extradition of Holliman was being sought, she faced a felony deceptive practices charge in Gallatin County. On February 22, 1990, Holliman pleaded guilty to the deceptive practices charge. Later, the District Court sentenced Holliman to five years' imprisonment. The court suspended Holliman's sentence, on the condition that she serve 120 days in the Gallatin County jail with credit for the 60 days she had previously served.

On February 26, 1990, a hearing was held on the fugitive complaint. Holliman refused to waive extradition. The District Court granted a 30 day extension for the extradition "to be finalized by the State of Mississippi." On March 26, 1990, the

court held another hearing to review Holliman's extradition. At the conclusion of the hearing, the court noted that Holliman was serving time in the county jail on the felony deceptive practice conviction and granted the State until April 30, 1990, to serve the governor's warrant. On April 30, 1990, Holliman requested that she be released from the fugitive warrant because the governor's warrant had not been received. In response to Holliman's request, the District Court released Holliman on the fugitive Mississippi warrant and explained that "[i]f while the Defendant is serving the remainder of her jail sentence from another matter the Governor's warrant does arrive then the court will again review this matter."

Finally, on May 15, 1990, Governor Stephens issued a governor's warrant commanding that the authorities apprehend Holliman. The District Court received the warrant on May 18, 1990. Later, in District Court, the State informed the court that Holliman was being held on the governor's warrant. Holliman's incarceration on the deceptive practices conviction expired on May 19, 1990. The District Court set bail on the governor's warrant at $2,000. The court also continued the matter until May 29, 1990, to give Holliman and her attorney an opportunity to review the extradition documents.

The District Court held a hearing on Holliman's extradition May 29, 1990, during which the State requested that the court continue to hold Holliman for seven days to allow Mississippi authorities to arrive to transport Holliman back to Mississippi. In response, Holliman objected to the time it had taken to obtain

2

the governor's warrant and argued that, because it had not been obtained within 90 days, the warrant was "not correct" and she should be released. The State contended that the 90 days referred to by Holliman applied only to incarceration of Holliman prior to her arrest under the governor's warrant. Holliman then requested a bail hearing. The District Court suggested that Holliman file a motion for reduction of bail and a petition for writ of habeas corpus.

The District Court held a hearing on the motion to reduce bail on June 4, 1990. At the time of hearing, Holliman had not yet been extradited to Mississippi. The court, obviously angered at the delays in extraditing Holliman to Mississippi, released Holliman on her own recognizance. Later, the court issued a written order releasing Holliman, and quashing and vacating the governor's warrant. The State now appeals from the District Court's order quashing and vacating the governor's warrant.

**Whether the District Court improperly quashed and vacated the governor's warrant issued in proceedings to extradite Holliman.**

In 1973, Montana adopted the Uniform Criminal Extradition Act, ch. 513, § 14, Laws of (Montana) 1973, 1405. Under Montana's Extradition Act, the State charged Holliman by fugitive complaint on January 30, 1990, pursuant to § 46-30-301, MCA. She appeared before the court on the fugitive warrant on January 31, 1990. Holliman's claim before the District Court on June 4, 1990, and now on appeal, was that she was not extradited within the time period

prescribed in §§ 46-30-302 and -304, MCA, and therefore should be released. Section 46-30-302, MCA, states:

> If from the examination before the judge or magistrate it appears that the person held is the person charged with having committed the crime alleged and, except in cases arising under 46-30-204, that he has fled from justice, the judge or magistrate must by a warrant reciting the accusation commit him to the county jail for such a time not exceeding 30 days and specified in the warrant as will enable the arrest of the accused to be made under a warrant of the governor on a requisition of the executive authority of the state having jurisdiction of the offense, unless the accused give bail as provided in 46-30-303 or until he shall be legally discharged.

Section 46-30-304, MCA, reads:

> If the accused is not arrested under the warrant of the governor by the expiration of the time specified in the warrant, bond, or undertaking, a judge or magistrate may discharge him or may recommit him for a further period of 60 days or a supreme court justice or district court judge may again take bail for his appearance and surrender, as provided in 46-30-303, for a period not to exceed 60 days after the date of the new bond or undertaking.

These sections allow a 90 day time period that a fugitive awaiting a governor's warrant may be held in custody or on bond prior to discharge and a release from bail. The 90 day limit set by §§ 46-30-302 and -304, MCA, expired on or about April 30, 1990.

Holliman argues that the 90 day time limit set forth in §§ 46-30-302 and -304, MCA, requires that a governor's warrant issue within 90 days of the filing of the fugitive complaint or the governor's warrant is invalid. The State does not dispute, and the record reveals, that Holliman was not arrested on the governor's warrant within the time limit set by §§ 46-30-302 and -304, MCA, for custody on a fugitive warrant. In fact, on April 30, 1990, the District Court released Holliman on the fugitive warrant because

4

the governor's warrant had not been received. The release of Holliman on the fugitive warrant did not result in the actual release of Holliman because she was still serving her 120 day jail sentence on the deceptive practices conviction.

The State, relying on In Re Petition of Blackburn (1985), 215 Mont. 440, 701 P.2d 715, argues that Holliman's custody under the governor's warrant is valid and the District Court had no authority to quash the warrant. In <u>Blackburn</u>, Montana's governor issued a warrant at the request of the State of Colorado, approximately four months after the petitioner Blackburn was arrested, arraigned and released regarding the Colorado charges. In holding that the arrest of Blackburn under the governor's warrant was proper, this Court recognized that the time limits set forth in §§ 46-30-302 and -304, MCA, do not apply to the issuance and execution of a governor's warrant. In <u>Blackburn</u>, we stated:

> We hold that time limits in section 46-30-302 and -304 refer only to the length of detention permitted before an accused person must be released from custody in the asylum state. These sections do not require dismissal of extradition proceedings for any supposed time limits on issuance of the governor's warrant.

<u>Blackburn</u>, 215 Mont. at 446, 701 P.2d at 719; State v. Campbell (1988), 233 Mont. 502, 506, 761 P.2d 393, 396.

<u>Blackburn</u> is consistent with the holdings in other states applying the Uniform Criminal Extradition Act. "The ninety-day period in the act merely limits the time an accused may be incarcerated while awaiting a governor's warrant; it does not require that a governor's warrant issue within the ninety-day period." Commonwealth of Pennsylvania v. Storms (Pa. 1986), 504

5

A.2d 329, 330; See also Orton v. State (Fla. 1983), 431 So.2d 236, 237; Stynchcombe v. Whitley (Ga. 1978), 242 S.E.2d 720, 721-22; Application of Simpson (Kan. 1978), 586 P.2d 1389, 1390.

Here, the District Court had no authority to quash the governor's warrant issued May 15, 1990. Holliman was discharged from the fugitive warrant on April 30, 1990, after the expiration of the 90 day imprisonment on the fugitive complaint, as was proper under extradition statutes. She remained in custody under the deceptive practices conviction, however, and was arrested under the governor's warrant. This procedure did not violate the extradition statutes.

Accordingly, the District Court's order is reversed, and the governor's warrant is in full force and effect.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

6