G. Joseph John PAPPAS, Appellant,

v.

David GILPIN, Tracy Brewer, and Lee Adjustment Center/Corrections Corporation of America, Appellees.

No. 2001–CA–001024–MR.

Court of Appeals of Kentucky.

March 22, 2002.

G. Joseph John Pappas, West Liberty, pro se.

G. Edward Henry, II, Henry Watz Gardner, Sellars & Gardner, PLLC, Lexington, KY, for appellees.

Before HUDDLESTON, KNOPF and SCHRODER, Judges.

*OPINION*

HUDDLESTON, Judge.

G. Joseph John Pappas is currently serving a fifteen-year sentence imposed after he was convicted of several counts of wanton endangerment, first degree perjury and tampering with physical evidence. He is also subject to a detainer issued by the State of Connecticut for an alleged parole violation.

At issue in this appeal is whether the Connecticut detainer must be dismissed following that state's failure to issue a governor's warrant for Pappas's arrest within the ninety-day period enumerated in Kentucky Revised Statutes (KRS) 440.310, or whether the statutory time limit merely delineates the maximum amount of time a defendant may be incarcerated solely for the purpose of awaiting a governor's warrant from a state seeking extradition.

Jefferson District Court, in response to a motion by Pappas to clarify its order dismissing the original Connecticut detainer, provided the following synopsis of the case's history:

Because of an outstanding fugitive warrant [1] from a foreign state (Connecti-

---

1. The district court's language is imprecise. Kentucky law enforcement could only arrest

cut), law enforcement in Jefferson County, Kentucky[,] arrested George Koufos, also known as George Pappas, on October 21, 1999. The Jefferson County court system issued a case number and jacket to identify this action of arrest of [Pappas]. The fugitive warrant may or may not still be outstanding from the State of Connecticut; however, the Kentucky case, identified as 99F013582 is not outstanding and has been dismissed. No governor's warrant from the State of Connecticut was received by Jefferson County within a 90 day period; therefore, all parties agreed that the local case must be dismissed and this was done on January 18, 2000.

Upon his arrival at the Lee Adjustment Center on Kentucky charges unrelated to those in Connecticut, Pappas discovered that the State of Connecticut had lodged another detainer against him. He then filed the instant action to have that detainer dismissed, arguing that Connecticut was barred from lodging a second detainer against him following the earlier dismissal of the detainer by Jefferson District Court. When Lee Circuit Court refused to dismiss the second Connecticut detainer, Pappas appealed to this Court.

The question we must decide is whether the dismissal by Jefferson District Court of the original detainer operates as a bar to Connecticut's filing a second detainer. KRS 440.310, part of Kentucky's enactment of the Uniform Criminal Extradition Act (UCEA), provides:

> If the accused is not arrested under warrant of the Governor by the expiration of the time specified in the warrant or bond, the judge may discharge him or may recommit him for a further period not to exceed sixty (60) days, or may again take bail for his appearance and surrender, as provided in KRS 440.300, but within a period not to exceed sixty (60) days after the date of such new bond.

KRS 440.290 provides for an initial period of detainment of thirty days, after which the sixty-day period of 440.310 may begin to run. The two statutes combine to provide a ninety-day period during which a fugitive may be held awaiting a governor's warrant from the state seeking extradition.

While we are not cited to nor have we discovered any Kentucky cases which address the issue of the impact of a dismissal of a detainer under KRS 440.310, the issue has been addressed by the courts of other states in construing their codifications of the Uniform Criminal Extradition Act.[2]

"The ninety-day period in the [UCEA] merely limits the time an accused may be incarcerated while awaiting a governor's warrant; it does not require that a governor's warrant issue within the ninety-day period."[3] When, as here, "a defendant has been held on detainer or warrant and is discharged, there is no prohibition against rearrest on a new warrant...."[4]

---

Pappas on a fugitive warrant issued in Kentucky. This fugitive warrant would have been based on a charging document issued by the appropriate Connecticut authorities. Though we cannot be sure because we do not have the record from the district court, the Connecticut document was most likely a parole board warrant (or its Connecticut equivalent).

**2.** We are only concerned with the Uniform Criminal Extradition Act codified at Ky.Rev. Stat. (KRS) 440.150 *et seq.* The Interstate

Agreement on Detainers, KRS 440.450 *et seq.* has been held not to apply to parole-violation charges such as those facing Pappas in Connecticut. *See Carchman v. Nash,* 473 U.S. 716, 105 S.Ct. 3401, 87 L.Ed.2d 516 (1985).

**3.** *State v. Holliman,* 247 Mont. 365, 369, 805 P.2d 52, 54 (1991), citing *Commonwealth v. Storms,* 350 Pa.Super. 228, 230, 504 A.2d 329, 330 (1985).

**4.** *Commonwealth v. Storms, supra,* n. 3, 350 Pa.Super. at 230, 504 A.2d at 330.

We adopt the reasoning of the states that have addressed this issue under the UCEA[5] and hold that the ninety-day time period found in KRS 440.290 and 440.310 limits the period of time during which an alleged fugitive may be held in custody solely for the purpose of awaiting a governor's warrant from the state seeking extradition; it does not require that a governor's warrant issue during that time.

In this case, the State of Connecticut has elected to await the release of Pappas by Kentucky for his criminal acts in Kentucky before seeking extradition. By lodging a detainer against him with the Lee Adjustment Center, Connecticut has merely sought notification by Kentucky authorities of the time when Pappas will be released upon completion of his Kentucky sentence. Prior to his release, Connecticut authorities will have to decide whether to issue a governor's warrant or decline to seek extradition; however, so long as Pappas remains incarcerated in Kentucky upon Kentucky charges, Connecticut need not take action. Lee Circuit Court correctly refused to dismiss the detainer currently lodged against Pappas.

The order dismissing Pappas's petition seeking a declaratory judgment dismissing the Connecticut detainer is affirmed.

ALL CONCUR.

---

5. *See also Orton v. State,* Fla., 431 So.2d 236 (1983); *Stynchcombe v. Whitley,* 240 Ga. 776, 242 S.E.2d 720 (1978).