J-S15002-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TYREE DUMAS | : | |
| | : | |
| Appellant | : | No. 2138 EDA 2025 |

Appeal from the Order Entered July 23, 2025
In the Court of Common Pleas of Wayne County Criminal Division at
No(s): CP-64-MD-0000119-2025

BEFORE: OLSON, J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY OLSON, J.: **FILED MAY 29, 2026**

Appellant, Tyree Dumas, appeals *pro se* from the order entered on July 23, 2025 in the Criminal Division of the Court of Common Pleas of Wayne County. This order dismissed Appellant's petition for *habeas corpus*, which challenged two detainers lodged by the State of Florida. We affirm.[1]

In a prior, unrelated criminal matter, Appellant was convicted of multiple sexual offenses in Philadelphia County and, on February 12, 2025, he was sentenced to serve an aggregate term of seven to 14 years in prison. ***See Commonwealth v. Dumas***, 1591 & 1773-1775 EDA 2025. Appellant's direct appeal from his February 2025 judgment of sentence is presently pending

_____

[*] Former Justice specially assigned to the Superior Court.

[1] "[A]bsent unusual circumstances, there is no constitutional right to the assistance of counsel in *habeas corpus* proceedings." ***Commonwealth ex rel. Bell v. Russell***, 220 A.2d 632, 634 (Pa. 1966).

before this Court. *See Commonwealth v. Dumas*, 1591 & 1773-1775 EDA 2025.

Relevant to the instant appeal, Appellant, on July 8, 2025, filed a petition for writ of *habeas corpus* (hereinafter "Appellant's Petition" or "the Petition"). Within the Petition, Appellant alleged that, after he was convicted and sentenced in Philadelphia in February 2025, he was "committed to the Department of Corrections, SCI-Waymart, on March 13, 2025," to begin serving his sentence. Appellant's Petition, 7/8/25, at ¶ 3. According to Appellant, on March 3, 2025, "two detainers were lodged against [Appellant], due to identical nationwide extradition warrants" that were issued from the State of Florida.[2] *Id.* at ¶ 4.

---

[2] Specifically, Appellant alleged that the extradition warrants were originally issued out of Florida on June 16, 2021 and June 24, 2021 and that both warrants alleged that Appellant had violated the terms of his Florida probation. *See* Appellant's Petition, 7/8/25, at ¶ 4. In his brief to this Court, Appellant asserts that he was first arrested on these warrants on April 18, 2022 in Delaware County, and again on April 27, 2022 in Philadelphia County. *See* Appellant's Brief at 1. Appellant further alleged that he was granted bail on related fugitive detainers in Philadelphia on December 21, 2023. *See id.* Appellant claims the Philadelphia bail proceedings "conclusively resolved" his custodial status and placed him on bail pending resolution of the criminal offenses with which he was charged in Pennsylvania. *See id.* According to Appellant, the Pennsylvania Department of Corrections "re-lodged" the Florida detainers in Wayne County on March 3, 2025 after he was transferred to SCI-Waymart to begin serving his Pennsylvania sentences. *See id.* at 2. Since that time, Florida has not pursued extradition or attempted to obtain a Governor's Warrant. *See id.*

Appellant filed his petition for *habeas corpus* on July 8, 2025, claiming that the March 3, 2025 detainers filed in Wayne County were "expired, procedurally defective, and unconstitutional." *Id.*

Citing the Uniform Criminal Extradition Act ("UCEA"), Appellant claimed that he cannot be held on the Florida detainers for longer than 30 days. **See** 42 Pa.C.S.A. § 9136. As he has now been held for longer than 30 days, Appellant requests that the trial court remove the two detainers or schedule a hearing to consider his claim. **See** Appellant's Petition, 7/8/25, at "Wherefore" Clause.

On July 23, 2025, the trial court dismissed Appellant's Petition and Appellant filed a timely notice of appeal. We now affirm the trial court's order.

"Traditionally, a writ of *habeas corpus* is a civil remedy that tests the legality of the detention." **Chadwick v. Caulfield**, 834 A.2d 562, 566 (Pa. Super. 2003). "[O]rdinarily, an appellate court will review a grant or denial of a petition for writ of *habeas corpus* for abuse of discretion, but for questions of law, our standard of review is *de novo*, and our scope of review is plenary." **Commonwealth v. Harris**, 315 A.3d 26, 33 (Pa. 2024) (quotation marks and citations omitted). "A petition for writ of *habeas corpus* may be disposed of without a hearing where the facts averred or the record disclose no ground for relief." **Commonwealth ex rel. Green v. Rundle**, 196 A.2d 861, 863 n.1a (Pa. 1964).

As we have explained:

> Under the [UCEA] an accused may be committed to jail for up to thirty days to allow his arrest on Governor's warrant pursuant to a request by the demanding state. 42 Pa.C.S.A.

§ 9136.[3] If the accused is not arrested under the Governor's warrant within the initial thirty-day period, he may be recommitted for a further period not to exceed sixty days. 42 Pa.C.S.A. § 9138.[4] Although the statute, 42 Pa.C.S.A. § 9138, does not expressly require a hearing before an accused may be recommitted for another period of up to sixty days, our case law has imposed such a requirement.

_____

[3] 42 Pa.C.S.A. § 9136, entitled "commitment to await requisition," declares:

If from the examination before the judge or issuing authority it appears that the person held is the person charged with having committed the crime alleged, and, except in cases arising under section 9127 (relating to extradition of persons not present in demanding state at time of commission of crime), that he has fled from justice, the judge or issuing authority must, by a warrant reciting the accusation, commit him to the county jail for such a time, not exceeding 30 days, and specified in the warrant, as will enable the arrest of the accused to be made under a warrant of the Governor on a requisition of the executive authority of the state having jurisdiction of the offense unless the accused give bail as provided in section 9137 (relating to bail), or until he shall be legally discharged.

42 Pa.C.S.A. § 9136.

[4] Section 9138, entitled "extension of time of commitment," provides:

If the accused is not arrested under warrant of the Governor by the expiration of the time specified in the warrant or bond, a judge or issuing authority may discharge him or may recommit him for a further period, not to exceed 60 days, or a judge or issuing authority may again take bail for his appearance and surrender, as provided in section 9137 (relating to bail), but within a period not to exceed 60 days after the date of such new bond.

42 Pa.C.S.A. § 9138.

***Commonwealth v. Quackenbush***, 435 A.2d 872, 873-874 (Pa. Super. 1981).[5]

Regarding the purpose of a detainer, as well as the Interstate Agreement on Detainers ("IAD"), 42 Pa.C.S.A. § 9101, *et seq.*, the Pennsylvania Supreme Court clarified:

> The IAD is an agreement between forty-eight states, the District of Columbia, Puerto Rico, the Virgin Islands, and the United States, that establishes procedures for the transfer of prisoners incarcerated in one jurisdiction to the temporary custody of another jurisdiction which has lodged a detainer against a prisoner. Unlike a request for extradition, which is a request that the state in which the prisoner is incarcerated transfer custody to the requesting state, a detainer is merely a means of informing the custodial jurisdiction that there are outstanding charges pending in another jurisdiction and a request to hold the prisoner for the requesting state or notify the requesting state of the prisoner's imminent release.

***Commonwealth v. Davis***, 786 A.2d 173, 175 (Pa. 2001) (quotation marks and citations omitted).[6] "A detainer is an administrative device but does not bind the authorities to act. It does nothing to commence prosecution nor does it bring the inmate into custody of the requesting jurisdiction." 35 C.J.S. Extradition and Detainers § 89 (footnotes omitted).

---

[5] Florida's Uniform Interstate Extradition Act, F.S.A. §§ 941.01-941.42, "is based on the Uniform Criminal Extradition Act." ***Johnson v. State***, 422 So.3d 689, 691 (Fla. Dist. Ct. App. 2025); ***see also*** F.S.A. § 941.30 (providing: "Sections 941.01-941.29 may be cited as the 'Uniform Criminal Extradition Law'").

[6] Florida has adopted the IAD. ***See*** F.S.A. §§ 941.45-941.50.

As Appellant admits, Florida has not requested his extradition; rather, it has merely lodged detainers against him. ***See*** Appellant's Brief at 4. Moreover, Appellant has conceded that the March 3, 2025 detainers were lodged after he was convicted of multiple crimes in Pennsylvania and "transferred to SCI-Waymart to begin serving his sentences." ***See id.*** Nevertheless, Appellant claims that, since "the[] detainers have been in place for well over the 90-day statutory maximum [time-frame] permitted for holding a person pending extradition without a Governor's Warrant," "[c]ontinued enforcement of the detainers violates Appellant's rights."[7] ***See id.*** at 1-2. This claim fails.

The purpose of the thirty-day rule with respect to extradition proceedings is to prevent a person from languishing in jail without judicial supervision." ***Commonwealth v. Heilman***, 433 A.2d 83, 85 (Pa. Super. 1981). Here, however, Appellant is serving an aggregate term of seven to 14 years in prison at SCI-Waymart, as a result of his criminal convictions for multiple sexual offenses. Thus, since Appellant is incarcerated **solely** because of his Pennsylvania convictions and judgment of sentence (and not as the

---

[7] Appellant numbers seven separate issues in his *pro se* brief. ***See*** Appellant's Brief at 1-3. Yet, Appellant's Petition raised only one claim for relief: whether the trial court must "remove the two detainers . . . in compliance with the [UCEA] due to the failure of obtaining a Governor's warrant within the applicable time period." ***See*** Appellant's Petition, 7/8/25, at "Wherefore" Clause. We will thus confine our analysis to the issue Appellant raised in his Petition. ***See*** Pa.R.A.P. 302 ("[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal").

suspect of a crime subject to an arrest), the time limitations in the UCEA do not apply to Appellant.

We acknowledge our Supreme Court's holding in **Commonwealth ex rel. Knowles v. Lester**, where our Supreme Court held that the UCEA's default, 30-day time constraint applies where "a detainer [is] lodged against an **in-custody accused**." **Commonwealth ex rel. Knowles v. Lester**, 321 A.2d 637, 640 (Pa. 1974) (emphasis added). As the **Knowles** Court explained, this is because "the lodging of a detainer against one in custody on another charge is an arrest." **Id.** at 639. The **Knowles** Court reasoned:

> Arrest has been properly defined as "a deprivation or restraint of a person's liberty, whether or not it culminates in criminal charges being filed and results in a conviction or an acquittal." There can be no doubt that a detainer lodged against an in-custody accused constitutes an additional restraint upon his liberty. The Commonwealth concedes as much.
>
> A fugitive detainer is lodged against one already in custody on local charges for the very purpose of ensuring that he will not be released. At argument on the petition for *habeas corpus*, the Commonwealth admitted that if [Knowles] had posted bail on the local charges the fugitive detainer would have prevented his release. In order to obtain his freedom after posting bail on the local charges, [Knowles] would have had to appear before a judge or magistrate, have bail set on the fugitive detainer, and then post a second bond. Because the detainer imposed a restraint in addition to that exerted by arrest on the local charges, the lodging of the fugitive detainer must be considered an arrest.

**Id.** at 639-640 (cleaned up).

**Knowles'** holding does not apply to the case at bar, as Appellant is not an "in-custody accused." **See id.** at 640. Rather, Appellant is "serving a

lengthy term of incarceration in a State Correctional Institute here in the Commonwealth, and he does not even suggest there [is] any chance he [might be] released but for the detainer." *See In re Garcia*, 984 A.2d 506, 509-510 (Pa. Super. 2009); *see also* Appellant's Petition, 7/8/25, at ¶¶ 1-14 (raising no allegation that the detainer caused Appellant prejudice and providing no claim that he could be released but for the detainer). Given this fact, we conclude that the time limitations in the UCEA do not apply to Appellant, as the detainer is not imposing a "restraint in addition to that exerted by" his lengthy term of incarceration. *See Knowles*, 321 A.2d at 640. Instead, Appellant is – and will remain – incarcerated in this Commonwealth solely because of his Pennsylvania judgment of sentence. *See also State ex rel. Ehlers v. Endicott*, 523 N.W.2d 189, 193 (Wis. Ct. App. 1994) (holding: "the thirty-day and optional sixty-day extension periods for detention [under the UCEA] . . . are inapplicable" to an individual who "was already incarcerated and serving a sentence for the conviction of another crime"). Appellant's claim to the contrary fails.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/29/2026

- 8 -